COUNTY OF HARRIS, Texas, Appellant,

v.

James EATON et al., Appellees.

No. 1735.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 18, 1978.

Rehearing Denied Feb. 8, 1978.

Joe Resweber, County Atty., J. Robert Hobgood, Asst. County Atty., Houston, for appellant.

Roland B. Darby, Larry W. Harrison, Houston, for appellees.

CIRE, Justice.

Harris County appeals from an adverse judgment which awarded the appellees,

James Eaton, Doris Jean Burk, John C. Hall, and Nancy W. Hall $10,700.00 damages for personal injuries suffered when their car overturned after striking a large chughole in a road maintained by appellant.

On February 29, 1976 the appellees were traveling on the 12,000 block of Riceville School Road in a 1976 Mercury Capri driven by appellee Doris Jean Burk. They were proceeding in the southbound lane at about 35 miles per hour when the vehicle hit a large hole in the road. The driver lost control and the car overturned, causing personal injuries to the four appellees.

Approximately one week after the accident the appellees gave notice to Harris County of their claim for damages under the Texas Tort Claims Act, art. 6252–19 (1970). The appellees then filed suit alleging negligence on the part of Harris County in failing to properly maintain the road and in failing to place warning devices to apprise travelers of the defect in the road. Harris County answered asserting *inter alia*, a general denial, a denial that the appellees had any cause of action pursuant to the Texas Tort Claims Act, and a claim that the failure of the driver to use the proper degree of care under the circumstances was a proximate cause, or sole proximate cause of the accident. The case was tried to the court. On April 7, 1977 the trial court entered its judgment for the plaintiffs and in its Findings of Fact and Conclusions of Law found that the County knew or should have known of the holes in sufficient time to repair them or warn travelers of their existence, and that the accident was proximately caused by the combined negligence of Harris County and the driver, Doris Jean Burk. The court apportioned seventy percent negligence to Harris County and thirty percent negligence to Ms. Burk.

Harris County appeals and assigns seven points of error.

■ The County, in points one, two, and five, contends that there is no evidence or insufficient evidence to support the findings of the trial court concerning knowledge on the part of the county, negligence and causation. All of these points are overruled. The photographs of the hole, introduced by the plaintiffs, evidence its size and the risk created by its presence. It is also apparent that a hole of this size must have been present for at least several days. W. A. Addison, a deputy sheriff for Harris County, testified that the hole was approximately ten inches in depth and made the road unsafe for travel at the maximum legal speed of 35 miles per hour. The photographs and other testimony show that the hole spanned almost the entire width of the road. It was common knowledge to anyone familiar with the road that chugholes were the "rule of the day." There is further evidence that employees of the precinct traveled the roads in their jurisdiction daily and it was their duty to report holes or other defects. We are of the opinion that there is sufficient evidence to support the court's finding of negligence and proximate cause.

■ In point of error four Harris County asserts that the hazard is open and obvious, and, as a result, the County owed no duty to warn of the defect. The facts in this case are analogous to those in *Adam Dante Corporation v. Sharpe,* 483 S.W.2d 452 (Tex. Sup.1972). There the plaintiff knew about the presence of water but not about the slippery film on the floor. The court said:

> When one speaks of a condition as being open and obvious, the phrase means that there is no dispute in the evidence or the facts which will charge an invitee with knowledge and full appreciation of the nature and extent of danger. It means that knowledge and appreciation of the danger are considered as proved as a matter of law.

483 S.W.2d at 459. Here, there was evidence that the hole was visible for a distance of approximately 200 feet, but that does not mean that its depth was ascertainable at that distance. Knowledge and appreciation of the danger were not established as a matter of law.

■ In point of error number six, Harris County claims that the Texas Tort

247

Claims Act does not allow recovery for such accident. Appellant, in its brief, claims that this is a premise defect and, as such, the only duty imposed upon the state is the duty of a licensor to a licensee. *See* Tex.Rev.Civ.Stat.Ann. art. 6252–19 § 18(b) (1970). The danger not being open and obvious, we believe that the County owed a duty to warn even a licensee of this dangerous condition. *Harvey v. Seale,* 362 S.W.2d 310 (Tex.Sup.1962). *See Harris County v. Dowlearn,* 489 S.W.2d 140 (Tex. Civ.App.-Houston [14th Dist.] 1972, writ ref'd n. r. e.). But this is not a premise defect. A hole ten inches deep and spanning almost the entire width of the road is an obstruction. Obstructions on roads or highways are special defects and the ordinary standard of negligence governs. *See* Tex.Rev.Civ.Stat.Ann. art. 6252–19 § 3 (Supp.1978) and § 14(12) (1970); *City of Houston v. Jean,* 517 S.W.2d 596 (Tex.Civ. App.-Houston [1st Dist.] 1974, writ ref'd n. r. e.); *Harris County v. Dowlearn,* 489 S.W.2d 140 (Tex.Civ.App.-Houston [14th Dist.] 1972, writ ref'd n. r. e.); *Gabbert v. City of Brownwood,* 176 S.W.2d 344 (Tex. Civ.App.-Eastland 1943, writ ref'd). Harris County's negligence in failing to repair the chughole or in failing to warn travelers of its existence constitutes a compensable claim under the Texas Tort Claims Act.

Point of error seven complains of the trial court's refusal to make a requested finding that:

> At the time of the accident in question the condition of the roadway at or near 12130 Riceville School Road, Harris County, Texas, was or was not unreasonably hazardous to persons traveling on said road using that degree of care as would have been exercised by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances.

This requested finding is not necessary to the judgment rendered by the trial court.

All other points of error asserted by appellant, but not here discussed, have been considered and are hereby overruled. The judgment of the trial court is affirmed.

Affirmed.