**Fara Goulas BURRIS, as next friend of Erin Brook Burris, and as Administratrix of the Estate of Mark Herman Burris, Deceased, Appellant,**

v.

**TEXAS DEPARTMENT OF TRANSPORTATION (formerly known as State Department of Highways and Public Transportation), Appellee.**

No. 09–92–183 CV.

Court of Appeals of Texas, Beaumont.

April 8, 1993.

Ordered Published May 16, 1994.

Jeff R. Branick, Provost & Umphrey, Beaumont, for appellant.

Frederick A. Hawkins, Asst. Atty. Gen., Austin, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

Fara Goulas Burris, as next friend of Erin Brook Burris and as Administratrix of the Estate of Mark Herman Burris, Deceased, brought this action against the State Department of Highways and Public Transportation and the City of Port Arthur[1] under the Texas Tort Claims Act and the Wrongful Death and Survival Statute. Mark Burris died in an automobile collision on U.S. 69 in Port Arthur, Texas. The collision occurred when Burris swerved to avoid a car which crossed in front of him from 75th Street into the intersection of Highway 69. The trial court granted the Department's motion for summary judgment.

Appellant argues her two points of error together. They are:

Point of error one: The District Court erred in granting defendant's second motion for summary judgment because a car in the middle of the road constitutes an "obstruction" so as to make it a special defect under the Texas Civil Practice and Remedies Code.

Point of error two: The District Court erred in granting defendant's second motion for summary judgment because a car in the middle of the road can constitute a "premises defect" under the Texas Tort Claims Act.

Appellant's petition claims the intersecting roadways of U.S. 69 and 75th Street were hazardous, the intersection itself was unreasonably dangerous, the Department knew of the condition and failed to exercise ordinary care to correct it, there were insufficient warnings to the public regarding what to expect at the intersection, and the vehicle itself was an obstruction. It was common for motorists on 75th Street to make illegal left-hand turns across the northbound lanes into the southbound lanes of U.S. 69. Burris was travelling north on Highway 69 when he encountered an unidentified vehicle making such a left turn. He swerved, lost control of his vehicle, and collided with a car travelling southbound on Highway 69. All occupants of both vehicles perished. There were signs

---

1. The City settled with Burris and is not a party to this appeal.

informing the 75th Street traffic that left turns were not permitted, but no signs telling the Highway 69 traffic to expect cross traffic.

■ The duty the State owes to a claimant is the same as that a private person owes a licensee. TEX.CIV.PRAC. & REM.CODE ANN. § 101.022 (Vernon 1986).[2] With regard to a premise defect, the State owes a duty not to injure the motoring public by willful, wanton, or grossly negligent conduct; if the State has knowledge of a dangerous condition the roadway user is unaware of, the State has the additional duty to either warn of, or make the condition reasonably safe. *See State v. Tennison*, 509 S.W.2d 560 (Tex.1974). Section 101.022 provides this limitation of duty (to that a licensor owes a licensee) does not apply to the duty to warn of special defects "such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as is required by Section 101.060." Section 101.-060 excludes claims arising from failure to place, replace or repair "signs, signals, and warning devices ... used in connection with hazards normally connected with the use of the roadway." If the condition was a special defect, the duty owed is that which a private owner owes an invitee, which requires the owner to use ordinary care to protect the invitee from a dangerous condition of which the owner is or reasonably should be aware. *State Dept. of Highways v. Payne*, 838 S.W.2d 235 (Tex.1992).

■ Whether a special defect exists is a question of law for the trial court. *Payne*, 838 S.W.2d at 238. One who creates a dangerous condition, or who is in control of the area and permits such condition to persist, has a duty to warn others of the hazard. *Strakos v. Gehring*, 360 S.W.2d 787 (Tex. 1962). Appellant argues: "the propensity of those travelling in a westerly direction on 75th Street to make illegal left hand turns across the northbound lanes of U.S. 69 was a phenomena which was known for years by Appellee, who was in complete control of the premises, and which had been the subject of

numerous communications between vice-principals of the Appellee and employees of the City of Port Arthur." Appellant contends the vehicle was an obstruction constituting a special defect which the Department had a duty to warn of or make safe under the Tort Claims Act.

■ Appellant does not cite this Court to any case where an operational motor vehicle has been deemed an obstruction. Appellant argues that it is undisputed that cars entering from 75th Street impeded the safe flow of traffic and were therefore obstructions as the term is commonly understood. We would disagree on the grounds that moving automobiles, even those moving in violation of the Traffic Code, are hazards normally associated with the use of a roadway, but for the deposition testimony of Franklin Young, the Department's District Engineer:

Q. [by plaintiff's counsel]: Would you agree with me that an individual travelling on a highway when confronted with cross street traffic in his or her lane, that is a hazard one does not normally associate with the use of the roadway?

A. [by Franklin Young]: In your lane, yes.

The Department has the discretion whether or not to warn of hazards normally connected with the use of the roadway, but when the hazard is not normally associated with the use of the roadway, the Department has no discretion and must warn. TEX.CIV.PRAC. & REM.CODE ANN. § 101.060 (Vernon 1986). Appellant produced expert opinion testimony that established that cross street traffic in the lane of travel of a highway is a hazard not normally associated with the use of the roadway.

The Department had the burden to negate at least one essential element of Burris' cause of action as a matter of law, specifically that Burris had pleaded a cause of action recognized by the Tort Claims Act. In response to the motion for summary judgment appellant produced the opinion of the Department's expert that the particular hazard

---

**2.** Unless otherwise noted, all statutory references are to TEX.CIV.PRAC. & REM.CODE ANN. (Vernon 1986).

at issue did not fall within the exclusion from liability for discretionary acts by the Department. Given the presence of this admission in the summary judgment evidence, the trial court could not rule that the hazard was not a special defect as a matter of law. It follows that the pleaded cause of action falls within the waiver of sovereign immunity in the Tort Claims Act. The trial court erred in ruling that Burris' action was barred by sovereign immunity as a matter of law. Points of error one and two are sustained. The judgment is reversed and remanded.

**REVERSED AND REMANDED.**