**The STATE of Texas and the State Department of Highways and Public Transportation (Now Texas Department Of Transportation), Petitioners,**

**v.**

**Fara Goulas BURRIS, as next friend of Erin Brook Burris, and as administratrix of the Estate of Mark Herman Burris, Deceased, Respondent.**

**No. D–3800.**

Supreme Court of Texas.

May 11, 1994.

Frederick A. Hawkins, Dan Morales, Austin, for petitioners.

Jeff Branick, Beaumont, for respondent.

**PER CURIAM.**

The principal question in this case is whether a car illegally turning onto a highway or momentarily stopped on it can be a premises defect or special defect, which the state must warn against. The court of appeals answered "yes". 876 S.W.2d 163. We disagree.

The parties stipulated to the operative facts, which are as follows. Late one afternoon Mark Burris was driving his truck in the outside lane of a four-lane divided highway in Port Arthur. As he approached the intersection of a cross-street, he moved left into the inside lane. Ahead of him, an un-

identified car entered the highway from the street on his right and crossed his lane of travel, attempting to make a left turn onto the highway. There was a warning sign on the cross-street prohibiting left turns onto the highway, and an asphalt barrier directing traffic to the right, both of which the driver of the car ignored. The car stopped momentarily in Burris' lane, and he swerved to avoid it. Burris lost control of his truck, which spun across the median and onto the opposite side of the highway, striking an oncoming car. Burris was killed.

Burris' widow and minor daughter sued the State of Texas, the State Department of Highways and Public Transportation and the City of Port Arthur. To circumvent defendants' governmental immunity, plaintiffs alleged that the unidentified car was a premises defect or special defect in the highway for which immunity from liability is waived by the Tort Claims Act.[1] The City settled with plaintiffs, and the trial court rendered summary judgment for the State defendants. The court of appeals reversed and remanded the case for trial.

■■■ Whether a condition is a premises or special defect is a question of law. *State Dept. of Highways v. Payne*, 838 S.W.2d 235, 238 (Tex.1992). A condition may be a special defect only if it is an excavation, obstruction, or some other condition which presents "an unexpected and unusual danger to ordinary users of roadways." *State Dept. of Highways v. Kitchen*, 867 S.W.2d 784, 786 (Tex. 1993) (per curiam). A fully operational motor vehicle, making an illegal movement or momentarily stopped on a highway, is neither a defect in the highway premises nor an excavation or obstruction or similar condition.

The court of appeals reasoned that since the State cannot be liable for discretionary decisions to warn of hazards normally connected with the use of a roadway under section 101.060 of the Tort Claims Act, it *can* be liable for failing to warn of hazards *not* normally connected with the use of a roadway.[2] Based upon testimony by the State's expert witness that the circumstances Burris confronted constituted a hazard not normally associated with the use of a roadway, the appeals court concluded that the State defendants could be liable in this case. The court's analysis is flawed in two respects. First, as a matter of simple logic, it does not follow from the fact that the State is not liable for failing to warn of usual hazards, that it is liable for failing to warn of unusual hazards. Second, section 101.060(c) makes clear that the warnings for which the State must assume responsibility are "of special defects such as excavations or roadway obstructions." As already noted, the unidentified car in this case was not a special defect.

Burris' premises and special defect theories cannot bypass the State's immunity for discretionary roadway design under section 101.056 of the Tort Claims Act. The trial court clearly recognized this and correctly granted the State defendants' motion for summary judgment. Accordingly, a majority of the Court grants the State's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and renders judgment that Burris take nothing against the State. TEX. R.APP.P. 170.

1. All statutory references are to the Texas Civil Practice and Remedies Code. Section 101.-021(2) provides:

"A governmental unit in the state is liable for . . . personal injury and death so caused by a condition or use of . . . real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Section 101.022 states:

(a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets. . . .

2. Section 101.060(a) states that immunity is not waived for the placement, absence, condition, malfunction, removal or destruction of warning signs in certain specified circumstances. Section 101.060(b) states: "The signs, signals, and warning devices referred to in this section are those used in connection with hazards normally connected with the use of the roadway."