**Robert G. HINDMAN, Appellant**

v.

**STATE DEPT. OF HIGHWAYS & PUBLIC TRANSPORTATION, Appellee.**

No. 12–94–00007–CV.

Court of Appeals of Texas, Tyler.

Dec. 30, 1994.

Rehearing Overruled Jan. 31, 1995.

Loyd N. Jones, Tyler, for appellant.

Grady Click and Mark Heidenheimer, Austin, for appellee.

RAMEY, Chief Justice.

This action arises out of injuries sustained in a bicycle accident. The Appellant, Robert G. Hindman ("Hindman") appeals the rendition of a take nothing summary judgment in favor of the State Department of Highways and Public Transportation ("the State"). He raises four points of error in this appeal. We will affirm.

On July 8, 1989, Hindman was riding a bicycle on the right shoulder of U.S. Highway 69 south of Tyler. As a result of hitting a bump on the shoulder he was thrown off

his bicycle and suffered injury. There is no dispute about the physical characteristics of the bump. It had an irregular oval shape, with its longest side running perpendicular to the direction of travel. It was, at its highest, two and a half inches taller than the surface of the surrounding pavement. Its length was roughly two and a half feet, its width about a foot, and it occupied the center of a shoulder ten feet wide. The bump appears from photographs in the summary judgment record to have been composed of the same material as that of the shoulder, so that its color and texture did not provide a contrast with the surrounding pavement.

Hindman brought this action against the State. The State, in its answer, raised the affirmative defense of sovereign immunity, and, after some discovery had been completed, moved for summary judgment.

In actions of this type, a plaintiff may overcome a plea of sovereign immunity within the scope allowed by the TEXAS TORT CLAIMS ACT, as follows:

(a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets....

TEX.CIV.PRAC. & REM.CODE § 101.022. If this road condition, then, were a premise defect, Hindman would have only the rights of a licensee, and, to prevail, would have to prove, *inter alia*, that the State had actual knowledge of this condition; if, on the other hand, this condition were a special defect, he would have the status of an invitee, and, if the condition were genuinely hazardous, need only show, with respect to the State's awareness of this condition, that it should reasonably have known of this condition. *State Dept. of Highways v. Payne*, 838 S.W.2d 235, 237 (Tex.1992).

The State, in its motion for summary judgment, asserted that this road condition was a premise defect, and asserted that Hindman had no evidence that the State had actual knowledge of the bump. Hindman, in response, disavowed an intention to allege actual knowledge of the bump on the part of the State, but asserted that a fact issue existed as to whether the bump did constitute a special defect, supporting his response with his own affidavit and that of Laura Peyke, a professional cyclist. The trial court granted the State's motion for summary judgment.

■ Hindman's first three points of error assert that the trial court erred in recognizing no factual dispute and ruling that the bump was a premise, rather than a special, defect. Hindman first takes issue with the commonly-accepted understanding of the numerous holdings that the determination of whether a hazard is a special or a premise defect is a matter of law. *See State v. Burris*, 877 S.W.2d 298, 299 (Tex.1994) ("Whether a condition is a premises or special defect is a question of law."). Hindman argues that this oft-repeated proposition does not mean that the issue is one for a court to decide. Rather, he asserts that the legal question to be decided is to be reached only after a factfinder has determined the particular circumstances of an accident, and that the factfinder can be by-passed only if "in a certain situation the evidence determining the details of the situation is so uncontroverted or otherwise so irrefutable that the contrary result cannot be true under any circumstances."

In so contending Hindman explicitly adopts the position of Justice O'Connor in her concurrence in *Blankenship v. County of Galveston*, 775 S.W.2d 439, 442–45 (Tex. App.—Houston [1st Dist] 1989, no writ). There, Justice O'Connor argued that the frequent use of the phrase "as a matter of law" in premise defect/special defect cases was appropriate only because, in such cases, all the facts had already been ascertained, and that the courts there were actually reviewing, not a genuine legal issue, but a factual determination under a "no evidence" standard. Thus, she argued, in the *Payne* case, the court did not determine, as a matter of law, that a seawall was not a special defect, but more correctly meant to hold that, under the facts then before that court, there was no

evidence that the seawall was a special defect.

But this understanding of how the character of a defect is determined has no support in any other cases; indeed, Justice O'Connor abandoned this approach in *Graf v. Harris County*, 877 S.W.2d 82, 85 (Tex.App.—Houston [1st Dist.] 1994, writ denied) ("The issue of whether a condition is a "premise" or "special" defect is one of duty and involves statutory interpretation; it is for the court to decide."). And the Supreme Court has recently reaffirmed this well-settled standard:

> Whether a condition is a premises or special defect is a question of law. *State Dept. of Highways v. Payne*, 838 S.W.2d 235, 238 (Tex.1992). A condition may be a special defect only if it is an excavation, obstruction, or some other condition which presents "an unexpected or unusual danger to ordinary users of roadways."

*State v. Burris*, 877 S.W.2d 298, 299 (Tex. 1994). Hindman may be correct that the factfinder has a role when the facts concerning the physical characteristics of the alleged defect are disputed; but he cites no presently applicable authority mandating that the character of an alleged defect—as premise or special defect—should be determined by a factfinder where, as here, there is no dispute about the physical facts of the alleged defect—its location, dimensions, and composition. Given the facts in this record, the trial court correctly reached this question on summary judgment as a matter of law. *See Olson v. Central Power and Light Co.*, 803 S.W.2d 808, 811 (Tex.App.—Corpus Christi 1991, writ denied) ("[M]atters of statutory construction are questions of law for the trial court and may be resolved in a summary judgment".).

■ We further conclude that the trial court was correct in its legal determination that this road condition did not constitute a special defect. As noted above, a road condition is a special defect if it is "an excavation, obstruction, or some other condition which presents 'an unexpected or unusual danger to ordinary users of roadways.'" *State v. Bur-*

*ris*, 877 S.W.2d at 299. This bump on the roadway could not have been an "excavation" under any reasonable definition of such term. Neither was it an obstruction, since the bump occupied only about one third of the width of the shoulder, allowing safe passage on either side.[1]

With respect to the more general test, we observe first that Hindman was undoubtedly an ordinary user of a roadway. Except as set out in regulations or otherwise, cyclists enjoy the same rights to use public roads as do operators of motor vehicles. TEX.REV.CIV. STAT.ANN. art. 6701d § 179(a) (Vernon Supp. 1994). Although vehicular traffic may not use the shoulder of the road except for certain specific purposes, cyclists are exempt from such restriction. TEX.REV.CIV.STAT. ANN. art. 6701d §§ 54A(a) and (c)(4) (Vernon Supp.1994).

We do not think, however, that this bump fits the definition of an unexpected or unusual danger. Though we will assume that it was unexpected from Hindman's subjective perspective, the case law makes clear that the test for "unexpectedness" is an objective one. Thus, the Supreme Court, holding that ice on a bridge after a snow storm was not a special defect, noted that it was "something motorists can and should anticipate when the weather is conducive to such a condition," without reference to whether the plaintiff subjectively expected or failed to expect the dangerous condition. *State Department of Highways v. Kitchen*, 867 S.W.2d 784, 786 (Tex.1993). Similarly, minor flaws in road shoulders are neither unexpected nor unusual, and, though Hindman, as a cyclist, had a perfect right to be travelling on the shoulder rather than the main road, imperfections such as the one he encountered on this occasion are conditions that cyclists can and should anticipate when riding on a shoulder.

Hindman argues that his difficulty in seeing this hazard made it especially dangerous. But the photographs taken by Hindman, produced to the State in discovery, and attached by the State to its summary judgment mo-

1. An obstruction, "something that obstructs," is defined as something that "block[s] or close[s] up by an obstacle" or "hinder[s] from passage...." WEBSTER'S NEW COLLEGIATE DICTIONARY p. 786 (1981).

tion, show that this bump was not hidden or obscured from the vision of one approaching it. We do not agree that the Legislature, in creating an exceptional class of road defects for which the State carries a higher degree of liability, meant to include in such class every pothole or bump encountered on a public highway in Texas capable of upsetting a cyclist, or to impose a duty to warn of each of such common conditions.

The complained-of condition was not a special defect. We overrule Hindman's first three points of error, because there was no material fact issue in dispute, and because the trial court correctly held that the bump was a premise defect, thus limiting the State's duty to that owed to a licensee.[2] Hindman's disclaimer of any intention to make any claim on a premise liability theory leaves no basis for recovery in the case.

The judgment below is affirmed.

---

2. Hindman's fourth point of error attacked the summary judgment on the conjecture that the ruling might have been based on a holding that the State's duty was only to that of a trespasser under TEX.CIV.PRAC. & REM CODE ANN. 75.002(c)(2). The State, in its Reply to Hindman's Supplemental Brief, filed September 30, 1994, disclaimed any further reliance upon such ground, and, because of our holding on the first three points, we need not reach the merits of this proposed alternative basis for affirming the judgment.