## TEXAS DEPARTMENT OF TRANSPORTATION, Appellant,

v.

## Victor VELASCO, Jr., and Maria Bejarano, Individually and as Administrator of the Estate of Jose M. Bejarano, Appellees.

No. 04–00–00448–CV.

Court of Appeals of Texas, San Antonio.

Feb. 28, 2001.

Elizabeth Elleson, Michael H. Ratliff, Asst. Atty. Gen., Austin, for Appellant.

Carlos Garcia, Kenneth S. Saks, Oliva, Saks & Garcia, L.L.P., Sandra D. Laurel, Snow & Laurel, L.L.P., San Antonio, William N. Woolsey, Woolsey & Schmidt, L.L.P., Luis A. Elizondo, Huerta, Hastings & Allison, L.L.P., Corpus Christi, William M. McKamie, Charles H. Sierra, Denton, McKamie & Navarro, P.C., for Appellee.

Sitting: ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

CATHERINE STONE, Justice.

This appeal arises from personal injury lawsuits filed by Victor Velasco, Jr., and the survivors of Jose M. Bejarano and Alfredo Hinojosa, Jr. Bejarano and Hinojosa died as a result of injuries they sustained in an accident that occurred when the car they were traveling in struck a tractor trailer that was stopped on the highway, waiting to approach the international bridge to enter Mexico. Velasco was also injured, but survived the accident. The plaintiffs, appellees in this appeal, sued several defendants, including the appellant, the Texas Department of Transportation (the Department). In their petition, the appellees-plaintiffs alleged that the Department was negligent in allowing a dangerous condition to exist.

The petition described the dangerous condition as "the congestion of the eighteen-wheeler traffic becoming stalled and at a complete stop for an unreasonably dangerous time causing a hazardous condition on the highway for the ordinary users of said highway and for the citizens of Laredo." In response, the Department

filed a plea to the jurisdiction.[1] Therein, the Department contended it was immune from suit because "vehicles on the roadway do not constitute a premises defect under the tort claims act." The plaintiffs responded that their injuries were caused by a dangerous condition on the roadway that constituted a special defect. The trial court denied the Department's plea to the jurisdiction, and the Department appealed.

■■■ As a state agency, the Department is immune from suit except to the extent waived under the Texas Tort Claims Act (the Act). *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.025 (Vernon 1997) (establishing waiver of governmental immunity); *Federal Sign v. Texas Southern University*, 951 S.W.2d 401, 405 (Tex.1997) (state is immune from suit absent express consent). The Act provides a limited waiver for personal injuries or death caused by the wrongful act, omission, or negligence of an employee using a motor vehicle within the scope of his employment, or a condition or use of real property; *i.e.*, a premises defect. *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.025, 101.021(2) (Vernon 1997). This limitation does not apply, however, to special defects. *Id.* § 101.022. Where a special defect exists on a roadway, the governmental unit that owns the road has a duty to warn drivers about the defect, even if the governmental unit did not create the defect. *See Morse v. State*, 905 S.W.2d 470, 474 (Tex.App.—Beaumont 1995, pet. denied). Whether a condition is a premise defect or a special defect is a question of law for the court to decide. *State Dept. of Highways & Public Transp. v. Payne*, 838 S.W.2d 235, 238 (Tex.1992). The plaintiffs-appellees did not plead operation or use of a motor vehicle by a Department employee, so a cause of action can only be based on a condition of real property.

■■■ On appeal, the Department argues that the trial court erred by denying its plea to the jurisdiction because traffic congestion does not constitute either a premises or a special defect. Although the plaintiffs-appellees contend that "stopped and/or queued eighteen-wheeler commercial traffic from the Border into I–H–35 for unreasonable long periods of time at unexpected times and unexpected locations is a hazardous condition on the highway and constitutes a special defect," the Supreme Court of Texas determined in *State v. Burris* that "[a] fully operational motor vehicle, making an illegal movement or momentarily stopped on a highway, is neither a defect in the highway premises nor an excavation or obstruction or similar condition." *State v. Burris*, 877 S.W.2d 298, 299 (Tex.1994). The Court explained that "[a] condition may be a special defect only if it is an excavation, obstruction, or some other condition which presents 'an unexpected and unusual danger to ordinary users of roadways.'" *Burris*, 877 S.W.2d at 299 (quoting *State Dept. of Highways v. Kitchen*, 867 S.W.2d 784, 786 (Tex.1993)). Although *Burris* involved one unidentified, momentarily-stopped vehicle, and this case involves numerous vehicles stopped on the highway, the same principles apply: A stopped vehicle is not a premises defect and does not present an unexpected and unusual danger to the ordinary users of the roadway. Applying that principle here, a commercial eighteen-wheeler stopped on the highway is neither a condition of real property,[2] nor an excavation, obstruction, or some other condition which presents an unexpected and unusual danger to ordinary users of road-

---

**1.** "[I]mmunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex-* *as Dept. of Transp. v. Jones*, 8 S.W.3d 636, 639 (Tex.1999).

**2.** *Burris*, 877 S.W.2d at 299; *accord Kitchen*, 867 S.W.2d at 786 (icy bridge is premise

ways.[3] Because a commercial eighteen-wheeler stopped on the highway is neither a defect in the highway premises nor an excavation or obstruction or similar condition, the Department is immune from suit. As a result, the trial court erred by denying the Department's plea to the jurisdiction. Accordingly, we reverse the trial court's judgment and dismiss this cause for want of jurisdiction.

ALMA L. LÓPEZ, Justice, dissenting.

I dissent because I believe numerous vehicles parked on the highway for extended periods of time constitutes a "condition which presents 'an unexpected and unusual danger to ordinary users of roadways.'" *State v. Burris*, 877 S.W.2d 298, 299 (Tex. 1994). And as an unexpected and unusual danger to the users of the roadway, what the plaintiffs complain about meets the definition of a special defect. The State has waived its immunity for special defects. As a result, I would find that the trial judge properly denied the Department of Transportation's plea to the jurisdiction.

defect); *Payne*, 838 S.W.2d at 238 (culvert running perpendicular to and beneath highway was premises defect, not special defect); *City of Houston v. Rushing*, 7 S.W.3d 909, 916 (Tex.App.—Houston [1st Dist.] 1999, no pet.) (stopped pickup truck blocking traffic as result of accident was not defect or dangerous condition of roadway); *Martinez v. City of Lubbock*, 993 S.W.2d 882, 885 (Tex.App.—Amarillo 1999, pet. denied) (hole in dirt path next to city street was premises defect, not special defect); *City of Fort Worth v. Gay*, 977 S.W.2d 814, 819 (Tex.App.—Fort Worth 1998, no pet.) (water in street gutter was premises defect, not special defect).

3. *Burris*, 877 S.W.2d at 299; *accord State v. Williams*, 932 S.W.2d 546, 550 (Tex.App.—Tyler 1995, pet. denied) (large metal sign lying on road was special defect); *Hindman v.*

*State Dept. of Highways & Public Transp.*, 906 S.W.2d 43, 45 (Tex.App.—Tyler 1994, pet. denied) (bump on shoulder of road was not obstruction or excavation, and thus not a special defect); *State v. McBride*, 601 S.W.2d 552, 558 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.) (slick and muddy condition of road that resulted from state's repair work was special defect because it was an excavation.); *Miranda v. State*, 591 S.W.2d 568, 570 (Tex.Civ.App.—El Paso 1979, no pet.) (floodwaters over state highway constituted special defect because it was an obstruction); *County of Harris v. Eaton*, 561 S.W.2d 245, 247 (Tex. Civ.App.—Houston [14th Dist.] 1978) (ten-inch deep pothole spanning width of road was an obstruction that constituted special defect), *aff'd* 573 S.W.2d 177(Tex.1978).