CITY OF LAREDO, Appellant,

v.

Victor VELASCO, Jr., and Maria Bejarano, Individually and as Administrator of the Estate of Jose M. Bejarano, Appellees.

No. 04–00–00601–CV.

Court of Appeals of Texas,
San Antonio.

March 7, 2001.

Charles H. Sierra, William M. McKamie, Denton, McKamie & Navarro, P.C., San Antonio, for Appellant.

Carlos Garcia, Kenneth S. Saks, Olivia, Saks & Garcia, L.L.P., San Antonio, Michael H. Ratliff, Assistant Attorney General, Transportation Division (020), Austin, William N. Woolsey, Scott D. Schmidt, Woolsey & Schmidt, L.L.P., Corpus Christi, Luis A. Elizondo, Huerta, Hastings & Allison, L.L.P., Corpus Christi, Sandra D. Laurel, Snow & Laurel, L.L.P., San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

## OPINION

CATHERINE STONE, Justice.

We considered the issue presented in this appeal in Appeal No. 04–00–00448–CV. In the earlier appeal, we determined that the Texas Department of Transportation (the Department) was immune from the plaintiffs' lawsuit because a commercial eighteen-wheeler stopped on the highway is neither a condition of real property, nor an excavation, obstruction, or some other condition which constitutes a special defect. See Tex. Dept. of Trans. v. Velasco, 40 S.W.3d 702, 705 (Tex.App.—San Antonio 2001, no pet. hist.). This appeal arises from the same underlying lawsuit. In that lawsuit, the plaintiffs sued the Department and the appellant in this appeal, the City of Laredo (the City). Like the Department, the City filed a plea to the jurisdiction, asserting that it was immune from the plaintiffs' suit because vehicles on the roadway do not constitute either a premises defect or special defect. The trial court denied the City's plea to the jurisdiction.

As a governmental agency, the City is immune from suit except to the extent waived under the Texas Tort Claims Act (the Act). See Tex.Civ.Prac. & Rem.Code Ann. § 101.025 (Vernon 1997) (establishing waiver of governmental immunity); City of San Antonio v. Winkenhower, 875 S.W.2d 388, 391 (Tex.App.—San Antonio 1994, writ denied) (municipalities are immune from suit absent express consent). We have already determined that the limited waiver under the Act does not apply to the plaintiffs' allegations. See Velasco, at 705. Accordingly, the City is immune from suit for the same reasons discussed in the earlier appeal. Because the City is immune, the trial court erred by denying the City's plea to the jurisdiction. Accordingly, we reverse the trial court's judgment and dismiss this cause for lack of jurisdiction.

ALMA L. LÓPEZ, Justice, dissenting.

I dissent for the same reason I dissented in Department of Transportation v. Velasco, 40 S.W.3d 702 (Tex.App.—San Antonio 2001, no pet. hist.). I believe that numerous vehicles parked on the highway for extended periods of time constitutes a

special defect for which the City of Laredo has waived governmental immunity. And as such, the trial judge properly denied the City of Laredo's plea to the jurisdiction.