

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00301-CV

LAUREN DAVID HILL
AND JOHNIE OLEN MCMULLEN, JR.,

                                              Appellants

v.

LEON COUNTY,

                                              Appellee

From the 12th District Court
Leon County, Texas
Trial Court No. AP-01-233

## MEMORANDUM  OPINION

Appellants Lauren David Hill and Johnie Olen McMullen, Jr. were injured in 1999 when the vehicle they were in crashed into a road grader being operated by James F. Miles, a Leon County County Commissioner, on a county road. In Appellants' suit against Leon County under the Texas Tort Claims Act, Leon County moved to dismiss their claims for lack of subject-matter jurisdiction and alternatively moved for summary judgment based on the affirmative defense of official immunity as to Miles's conduct.

The trial court ruled that the grader's operation on the county road was not a premises defect or a special defect and the county was thus immune from liability, granted the county's summary-judgment motion, ruled that Appellants would take nothing, and taxed the county's costs against Appellants. Raising two issues, Appellants appeal. We will affirm.

## Special Defect

Appellants' first issue challenges the trial court's determination that the road grader's operation was not a special defect. A governmental unit, *e.g.*, Leon County, is immune from both suit and liability unless its immunity is waived by the terms of the Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.025 (Vernon 2005). The threshold inquiry in this TTCA suit is whether immunity has been waived under section 101.021(2), which states that "[a] governmental unit in the state is liable for . . . personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." *Id.* § 101.021(2); *see id.* § 101.025; *see also Tex. Dep't Transp. v. York*, 234 S.W.3d 212, 215 & n.1 (Tex. App.—Waco 2007), *rev'd on other grounds*, --- S.W.3d --- (Tex. 2008).

> A governmental unit may be subject to premises liability for either ordinary premise defects or special defects. . . . Special defects are "excavations," "obstructions," or other conditions which "present an unexpected and unusual danger to ordinary users of roadways." *State Dep't of Highways & Pub. Transp. v. Kitchen*, 867 S.W.2d 784, 786 (Tex. 1993) (per curiam) (quoting *Payne*, 838 S.W.2d at 238); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(b) (Vernon Supp. 2006); *Fontenot*, 151 S.W.3d at 761; *Corbin*, 1 S.W.3d at 746. . . . [I]f the condition at issue constitutes a special defect, then the governmental unit owes the claimant the same

duty that a private person owes an invitee. *Payne*, 838 S.W.2d at 237; *Fontenot*, 151 S.W.3d at 760-61; *Corbin*, 1 S.W.3d at 747. . . . For a special defect, the governmental unit can be liable if it knew or should have known of the condition. *Payne*, 838 S.W.2d at 237; *Fontenot*, 151 S.W.3d at 761. The plaintiff's awareness of the existence of a special defect is immaterial. *See Payne*, 838 S.W.2d at 237; *Fontenot*, 151 S.W.3d at 761; *Thompson v. City of Corsicana Housing Auth.*, 57 S.W.3d 547, 553 (Tex. App.—Waco 2001, no pet.).

"Whether a condition is a premise defect or a special defect is a question of duty involving statutory interpretation and thus an issue of law for the court to decide." *Payne*, 838 S.W.2d at 238; *Fontenot*, 151 S.W.3d at 761; *accord R.R. Street & Co. v. Pilgrim Enters., Inc.*, 166 S.W.3d 232, 240 (Tex. 2005); *Corbin*, 1 S.W.3d at 747.

*York,* 234 S.W.3d at 215-16 (quoting *Stewart v. City of Corsicana,* 211 S.W.3d 844, 848-49 (Tex. App.—Waco 2006), *rev'd on other grounds,* 249 S.W.3d 412 (Tex. 2008)).

Our standard of review on whether the condition is an ordinary premises defect or a special defect—a question of law—is de novo. *See id.* at 216 (citing *State v. Rodriguez*, 985 S.W.2d 83, 85 (Tex. 1999); *State Dep't of Transp. v. O'Malley,* 28 S.W.3d 652, 655 (Tex. App.—Corpus Christi 2000, pet. denied)).

"A special defect must be a condition of the same kind or class as an excavation or roadway obstruction and present 'an unexpected and unusual danger to ordinary users of roadways.'" *Rodriguez*, 985 S.W.2d at 85 (quoting *Payne,* 838 S.W.2d at 238 and citing *County of Harris v. Eaton,* 573 S.W.2d 177, 179 (Tex. 1978)). However, the examples in the statute ("such as excavations or obstructions") are not exclusive, and we are to construe "special defects" to include defects of the same kind or class as the ones expressly mentioned in the statute. *City of Grapevine v. Roberts,* 946 S.W.2d 841, 843 (Tex. 1997).

*Id.*

The evidence shows that Miles was grading the rural gravel road at issue by operating the blade to push up gravel from the bar ditch. The part of the road where

the collision occurred is a hill, and to keep the gravel on the road's surface, Miles operated the grader on the left side of the road in an uphill direction because otherwise the gravel would slide downhill. The road was lightly traveled and had a posted speed limit of 30 mph. While operating the grader, Miles had its headlights and flashers on and was moving at a slow speed. As Miles was operating the grader in the uphill direction on the left side of the road, Appellants' vehicle approached from the opposite side of the hill and collided with the grader just as it had almost reached the crest of the hill and was stopping as Miles saw a cloud of dust rising from Appellants' oncoming vehicle.

Leon County points to several cases holding that operation or momentary stopping of the grader was not a special defect in the county road. *See State v. Burris,* 877 S.W.2d 298, 299 (Tex. 1994) ("A fully operational motor vehicle, making an illegal movement or momentarily stopped on a highway, is neither a defect in the highway premises nor an excavation or obstruction or similar condition."); *Tex. Dep't Transp. v. Velasco,* 40 S.W.3d 702, 704-05 (Tex. App.—San Antonio 2001, no pet.) (tractor-trailer stopped on highway and struck by plaintiff's vehicle was not a special defect); *City of Houston v. Rushing,* 7 S.W.3d 909, 915-17 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (stalled truck blocking two of three traffic lanes was not a special defect); *see also Vongphachanh v. City of Dallas,* 2002 WL 31247974, at *3-4 (Tex. App.—Dallas Oct. 8, 2002, no pet.) (not designated for publication) (dangers posed by street racing on city street not a premises defect or special defect); *Pollinzi v. State,* 1996 WL 29292, at *11 (Tex. App.—Dallas Jan. 24, 1996, pet. denied) (not designated for publication) (slow or

stopped vehicle trailing TXDOT "striping" truck was not special defect). Similarly, we hold that Miles's operation of the grader on the occasion in question was not a special defect. We overrule Appellants' first issue.

### Costs

Appellants' second issue complains about the trial court's taxing of costs against them. The trial court's original judgment taxed costs against Appellants. After obtaining the bill of costs and determining that it omitted a number of taxable costs, Leon County moved the trial court to re-tax costs. Appellants opposed that motion and moved the court to modify the judgment to tax costs against the party who had incurred them or alternatively to tax costs against Leon County, the successful party, because it had unnecessarily prolonged the case and caused unnecessary costs in discovery while always planning to move to dismiss the case but waiting until the eve of trial. The trial court re-taxed costs in Leon County's favor, thus denying Appellants' motion.

The successful party is entitled to recover from the opposing party all taxable court costs it incurred. *See* TEX. R. CIV. P. 131. However, for good cause stated on the record, the trial court may tax costs otherwise, *i.e.*, against the successful party. *Id*. 141; *Roberts v. Williamson,* 111 S.W.3d 113, 124 (Tex. 2003); *see, e.g., Rogers v. Walmart Stores, Inc.,* 686 S.W.2d 599, 601 (Tex. 1985) (trial court demonstrated good cause in assessing part of ad litem costs against prevailing party because conduct of that party had unnecessarily prolonged and obstructed trial). Taxing costs against a successful party

generally contravenes Rule 131. *Furr's Supermarkets, Inc. v. Bethune,* 53 S.W.3d 375, 376 (Tex. 2001).

The trial court has discretion in ruling on costs under Rule 141. *Id.* at 378. We review that ruling for an abuse of discretion. *Sparks v. Booth,* 232 S.W.3d 853, 872 (Tex. App.—Dallas 2007, no pet.). We cannot say that the trial court abused its discretion in this case in refusing to tax costs against Leon County or to tax costs against the party who had incurred them. Issue two is overruled.

Having overruled both issues, we affirm the trial court's judgment.

BILL VANCE
Justice

Before Chief Justice Gray,
 Justice Vance, and
 Justice Reyna
 (Chief Justice Gray concurs in the judgment of the Court to the extent it affirms
 the trial court's judgment. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed December 10, 2008
[CV06]