# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00440-CV

---

**Ruben Gamboa, Appellant**

**v.**

**Tara Das, in her official capacity, Appellee**

---

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-001451, THE HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Ruben Gamboa appeals the district court's final order granting a plea to the jurisdiction and dismissing with prejudice his claims against the State Registrar for Vital Statistics Tara Das[1] and the Texas Department of State Health Services (collectively, the DSHS Defendants) concerning the denial of his request for a certified copy of his Texas birth certificate.[2] Gamboa contends only that the district court erred by granting the plea as to State Registrar Das. We will affirm the district court's final order.

---

[1] Tara Das, who succeeded Victor Farinelli as State Registrar for Vital Statistics, was substituted as a party in her official capacity. *See* Tex. R. App. P. 7.2(a).

[2] Although Gamboa named the Texas Department of State Health Services as an appellee in his notice of appeal, he has since acknowledged that the district court "properly granted the plea to the jurisdiction as to the Texas Department of State Health Services" and does not raise any issues as to the Department. We have therefore removed the Department as a party to this appeal. *See Showbiz Multimedia, LLC v. Mountain States Mortg. Ctrs., Inc.*, 303 S.W.3d 769,

## BACKGROUND

The State Registrar refused Gamboa's request for a certified copy of his Texas birth certificate because it had an addendum based on information indicating that Gamboa was born in Mexico. *See* Tex. Health & Safety Code § 191.057(b) (providing that if vital statistics unit or any local registration official receives application for certified copy of birth record to which addendum has been attached, that application shall be sent to state registrar, who may refuse to issue certified copy of record to applicant after examining application, original record, and addendum); 25 Tex. Admin. Code § 181.21(b) (Dep't of State Health Servs., Refusal to Issue Certified Copies of Records of Birth, Death, or Fetal Death) (providing criteria for refusal to issue certified copy of record).[3] Gamboa appeared and presented evidence at a "fair hearing" administrative proceeding concerning the requested birth certificate. *See* 25 Tex. Admin. Code § 181.21(c) (providing hearing procedures); *see also id.* § 1.51 (Dep't of State Health Servs., Purpose and Scope) (addressing "fair hearing" procedures and noting that "[t]hese hearings are not required to be conducted under the provisions of the Administrative Procedure Act" but under Texas Board of Health rules).[4] An administrative-law judge (ALJ) presided over the hearing as designee of the DSHS Commissioner and signed an April 3, 2017 order concluding

---

771 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (noting that appellee must be both "a party to the trial court's final judgment" and "someone against whom the appellant raises issues or points of error in the appellant's brief"); *Gray v. Allen*, 41 S.W.3d 330, 331 n.2 (Tex. App.—Fort Worth 2001, no pet.) ("Technically, Helen [Allen] is not an Appellee or a proper party to this appeal because the trial court did not render judgment against her and Gray does not raise any points on appeal involving her.")))

[3] Gamboa states that "someone else" also "appears to have submitted an application for a certified copy of Gamboa's birth certificate" before he did. But only Gamboa's unsuccessful request, as described in his pleadings, is at issue here.

[4] The administrative record is not included in our record.

2

that the "State Registrar should NOT issue a certified copy of the Texas birth certificate of Ruben Roman Gamboa" and that "[t]he Addendum attached to Texas Certificate of Birth No. [redacted] should NOT be removed, as conflicting information received by the State Registrar concerning that certificate was NOT rebutted."[5] The order states that notice was "not contested" at the hearing, incorporates the ALJ's findings of fact and conclusions of law, and specifies that the decision is "A FINAL DECISION OF THE HEALTH AND HUMAN SERVICES COMMISSION." *See id.* § 1.55(c)(1) (Dep't of State Health Servs., The Hearing Decision) ("The hearing examiner may render a final decision if the commissioner of health has delegated such authority.").

On March 18, 2019, almost two years after the ALJ's order, Gamboa sued the DSHS Defendants in a Travis County district court seeking a declaratory judgment under the Uniform Declaratory Judgments Act, *see* Tex. Civ. Prac. & Rem. Code § 37.003(a), that the DSHS Defendants had deprived him of due process by not providing him with "a proper hearing." Gamboa emphasized that under the provisions of subsection 191.057(c)(2) of the Health and Safety Code, when a state registrar refuses to issue a certified copy of a birth record to an applicant, "the department shall give the applicant *an opportunity for a hearing*." *See* Tex. Health & Safety Code § 191.057(c)(2) (emphasis added). He pled specifically that:

- [the DSHS] Defendants exceeded their statutory authority by ignoring the eyewitness evidence of [Gamboa]'s birth which was presented to them, and thus failing to give [Gamboa] a proper hearing;

---

[5] The order notes that the DSHS's vital statistics unit received a copy of Gamboa's Mexican birth record, filed one month after his purported birth there, containing his paternal ancestry, the names of two witnesses, Gamboa's fingerprint, and the signatures of his parents. The order also notes that a "Texas Delayed Certificate of Birth" was filed three years after Gamboa's birth.

- [t]he hearing that was provided appears to have been wholly insufficient, in that eyewitness testimony as to [Gamboa']s place of birth was apparently wholly disregarded, without any finding or attempt to make a finding regarding the veracity of the witness statements to that effect; and

- [t]he right to a hearing implies some semblance of due process in the weighing of evidence. Defendant [State Registrar] was acting outside of h[er] legal authority in failing to provide due process, and therefore failed to provide a hearing to [Gamboa] in any meaningful sense.

On these grounds, Gamboa requested a declaratory judgment granting him a certified copy of his Texas birth certificate and an award of attorney's fees under section 37.009 of the Civil Practice and Remedies Code.[6]

The DSHS Defendants filed their plea to the jurisdiction on December 20, 2019, asserting sovereign immunity. Gamboa did not file a response. The district court heard the plea on March 5, 2020. During the hearing, Gamboa raised an unpled ultra vires claim, contending that the State Registrar had not given him timely notice of the reasons for denying the requested birth certificate, which should have been provided within ten days of the date that the registrar received his application. *See id.* § 191.057(c)(1).

Noting that this ultra vires claim was not in Gamboa's petition and that Gamboa filed no response to the plea to the jurisdiction, the district court withheld its ruling so that Gamboa could amend his petition and respond to the plea by March 26, 2020. Six days before that deadline, Gamboa's counsel filed a motion for continuance stating that he had decided to close his office indefinitely "owing to the COVID-19 pandemic," that "the attorney's office [wa]s unable to carry on attorney business as usual," and that "it d[id] not appear the crisis will

---

[6] Gamboa's petition states, "Plaintiff therefore requests that declaratory judgment be entered as follows: That Plaintiff be granted a certified copy of his Texas birth certificate as previously reflected in the records of the State Registrar."

4

run its course prior to the deadline date of March 26, 2020 set by the Court to file said response and amendment." Gamboa's counsel did not set this motion for hearing and did not obtain a ruling on it. *See* Travis Cnty. Civ. Dist. Ct. Loc. R. 3.3 (providing that motions for continuance should be set on central docket or heard by duty judge).

On June 19, 2020, Gamboa's counsel sent an email to the DSHS Defendants' counsel acknowledging that the parties "need[ed] to get back to court to finish up this referenced matter" and asking, "Other than respond to your 'plea to the jurisdiction' filing, which I think is unnecessary, what else did the judge ask of us (me)?" Counsel for the DSHS Defendants reminded him that the district court gave him an opportunity to replead and respond to the plea. Gamboa's counsel replied that on "July 15, 2020 I shall a response and amendment file[], although I do not know why it's even necessary." He did not make either filing.

More than four months after Gamboa's deadline to amend his petition and respond to the plea, the DSHS Defendants filed a motion requesting a ruling on their pending plea to the jurisdiction. Gamboa filed his opposition to that motion but stood on his pleadings and did not file a response to the plea. On August 6, 2020, the district court signed an order granting the plea to the jurisdiction and dismissing Gamboa's claims against the DSHS Defendants with prejudice. This appeal followed.

## DISCUSSION

In his only appellate issue, Gamboa contends that the district court erred by granting the plea as to State Registrar Das. Because sovereign immunity from suit defeats a trial court's subject-matter jurisdiction, it is properly asserted in a plea to the jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). "We review a trial

5

court's ruling on a plea to the jurisdiction de novo." *In re Diocese of Lubbock*, 624 S.W.3d 506, 512 (Tex. 2021) (orig. proceeding).

When, as here, a plea to the jurisdiction challenges the pleadings, we determine whether the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Miranda*, 133 S.W.3d at 226. If the plaintiff has met that burden, a plea to the jurisdiction should be denied. *Diocese of Lubbock*, 624 S.W.3d at 512. But if the pleadings affirmatively negate jurisdiction, the plea should be granted without affording the plaintiff an opportunity to replead. *Id.*

**Ultra Vires Claim as to "Proper Hearing"**

As we have noted, Gamboa's live pleading contended that the DSHS Defendants "exceeded their statutory authority" and did not provide him "a proper hearing" by ignoring or disregarding witness testimony about his birth. He also contended that he was entitled to "due process in the weighing of evidence" and was deprived of a "hearing" in a "meaningful sense."

Although governmental entities and officers are generally immune from liability absent the government's waiver or consent, such immunity does not prohibit suit against a state official if the official's actions are ultra vires. *Honors Acad., Inc. v. Texas Educ. Agency*, 555 S.W.3d 54, 68 (Tex. 2018). To state a claim under the ultra vires exception, the plaintiff must allege and prove that the named officials acted without legal authority or failed to perform a ministerial act. *Id.* "'Ultra vires claims depend on the scope of the state official's authority,' not the quality of the official's decisions." *Id.* (quoting *Hall v. McRaven*, 508 S.W.3d 232, 234 (Tex. 2017)). Thus, it is not an ultra vires act for an official to make an erroneous decision within the authority granted. *Hall*, 508 S.W.3d at 242.

Here, Gamboa's pleading complains only of the ALJ's determinations as factfinder. But the ALJ, as designee of the Commissioner, did not act "ultra vires" by making the complained-of fact findings and resolving conflicts in the evidence presented by the parties at the administrative proceeding. *See* 25 Tex. Admin. Code § 1.55(c)(1) (authorizing hearing examiner to "render a final decision if the commissioner of health has delegated such authority"), (3) (providing that "[e]ach decision shall summarize the testimony and evidence, *decide the facts*, and identify evidence and regulations supporting the decision" (emphasis added)).

The record reflects that Gamboa received a hearing and that the ALJ issued a written order that included findings of fact and conclusions of law. *See id.* These show that the ALJ considered the conflicting evidence presented and determined that Gamboa failed to rebut the information that led to the addendum. Although Gamboa is dissatisfied with the results of the administrative hearing, an ultra vires claim must challenge a government official's authority, "not the quality of the official's decisions." *See Honors Acad.*, 555 S.W.3d at 68; *McRaven*, 508 S.W.3d at 234; *see also Texas Health & Hum. Servs. Comm'n v. Doe*, No. 03-16-00657-CV, 2017 Tex. App. LEXIS 3466, at *13-14 (Tex. App.—Austin Apr. 20, 2017, pet. denied) (mem. op.) ("an ultra vires claim must challenge the government official's authority, not whether the government official made an incorrect decision"); *City of Austin v. Utility Assocs., Inc.*, 517 S.W.3d 300, 310 (Tex. App.—Austin 2017, pet. denied) ("Where, as here, a governmental body has been delegated authority to make some sort of decision or determination, immunity jurisprudence has long emphasized a critical distinction between alleged acts of that body that are truly ultra vires of its decision-maker authority, and are therefore not shielded by immunity, and complaints that the body merely 'got it wrong' while acting within this authority, which are shielded."); *Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*,

307 S.W.3d 505, 517-18 (Tex. App.—Austin 2010, no pet.) (concluding that "allegations that TCEQ reached an incorrect or wrong result when exercising its delegated authority" failed to invoke "the district court's inherent jurisdiction to remedy ultra vires agency actions"); *Beacon Nat'l Ins. Co. v. Montemayor*, 86 S.W.3d 260, 267 (Tex. App.—Austin 2002, no pet.) ("Whether [the agency's] interpretation is correct or incorrect cannot be the factor that confers jurisdiction."); *see also Ex parte Springsteen*, 506 S.W.3d 789, 799 (Tex. App.—Austin 2016, pet. denied) ("[The Texas Supreme Court] has squarely repudiated the once-widespread notion that the UDJA confers some broader right to sue government to obtain 'statutory construction' or a 'declaration of rights.'").

**Unpled Claim as to Timely Notice**

Notably, Gamboa's briefing addresses only an unpled claim, presented to the district court for the first time during his argument at the plea-to-the-jurisdiction hearing, that the State Registrar had not given him timely notice of the reasons for denying the requested birth certificate, which should have been provided within ten days of the date that the registrar received his application. *See* Tex. Health & Safety Code § 191.057(c)(1). In his reply brief, Gamboa contends that his petition, "liberally read in favor of jurisdiction, clearly conferred jurisdiction for the trial court to consider his ultra vires claim based on section 191.057(c)(1)." We disagree.

Subsection 191.057(c) of the Health and Safety Code states that:

(c) If the state registrar refuses to issue the certified copy:

(1) the state registrar shall notify the applicant of the refusal and the reason for the refusal not later than the 10th day after the date on which the state registrar receives the application; and

(2) the department shall give the applicant an opportunity for a hearing.

*Id.* § 191.057(c). As we have noted, Gamboa's petition emphasized that his claim was based on subsection (c)(2) of this statute, using italics and underlining the portion of the statute stating that "the department shall give the applicant *an opportunity for a hearing. emph. supp.*"

By contrast, Gamboa made no claim in his petition that the lack of timely notice under subsection (c)(1) constituted an ultra vires act by the State Registrar that would entitle him to a copy of the requested birth record. This unpled claim could not provide a basis for the district court's jurisdiction over Gamboa's lawsuit. *See City of Mission v. Cantu*, 89 S.W.3d 795, 808 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (concluding that where plaintiffs' petitions specifically asserted special-defect claim but did not plead any premise-defect claim, there was no need to consider whether plaintiffs alleged sufficient facts as to unpled claim when reviewing ruling on plea to jurisdiction); *Texas Dep't of Transp. v. Velasco*, 40 S.W.3d 702, 704-05 (Tex. App.—San Antonio 2001, no pet.) (noting that because plaintiffs did not plead particular claim in their petition, that claim could not provide basis for jurisdiction and was not considered in review of ruling on plea to jurisdiction). Gamboa made no effort to amend his petition or to file a response to the plea to the jurisdiction despite being afforded the opportunity to do so during the district-court proceedings below. The district court did not grant the plea to the jurisdiction until more than four months after expiration of the March 26, 2020 deadline for Gamboa's counsel to amend his pleadings.

"[T]hrough inaction, a plaintiff may lose the opportunity to amend." *Hunt v. City of Diboll*, 574 S.W.3d 406, 418 (Tex. App.—Tyler 2017, pet. denied) (citing *Haddix v. American Zurich Ins. Co.*, 253 S.W.3d 339, 347 (Tex. App.—Eastland 2008, no pet.); *Tara Partners Ltd.*

*v. City of South Houston*, 282 S.W.3d 564, 570 (Tex. App.—Houston [14th Dist.] 2009, pet. denied)); *see also Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) (noting that "the issue is whether [plaintiff] has already been afforded that opportunity" to amend his pleadings); *McDonald v. City of the Colony*, No. 02-08-00263-CV, 2009 Tex. App. LEXIS 4861, at *47 (Tex. App.—Fort Worth June 25, 2009, no pet.) (mem. op.) (concluding that trial court did not err by dismissing plaintiffs' claims with prejudice because plaintiffs "already had an opportunity to re-plead" and were "not entitled to another opportunity to cure the jurisdictional defects"). "Parties are entitled to reasonable opportunities to amend, not unlimited opportunities." *Zumwalt v. City of San Antonio*, No. 03-11-00301-CV, 2012 Tex. App. LEXIS 4003, at *27, *32 (Tex. App.—Austin May 17, 2012, no pet.) (mem. op.) (affirming dismissal order on plea to jurisdiction and noting that even if better practice would have been for trial court to afford plaintiff opportunity to amend, "we cannot say the court committed reversible error in failing to do so under the circumstances of this case").

On this record, we conclude that Gamboa failed to plead a claim falling within the ultra vires exception to State Registrar Das's sovereign immunity, despite being provided with ample opportunity to amend those pleadings. *See Honors Acad.*, 555 S.W.3d at 68; *Doe*, 2017 Tex. App. LEXIS 3466, at *13-15. Accordingly, we overrule Gamboa's appellate issue.

## CONCLUSION

We affirm the district court's August 6, 2020 final "Order on Defendants' Plea to the Jurisdiction" as to State Registrar Das.

_____

Gisela D. Triana, Justice

10

Before Justices Goodwin, Triana, and Kelly

Affirmed

Filed:   August 19, 2021