Affirmed and Memorandum Opinion filed November 2, 2004









Affirmed and Memorandum Opinion filed November 2, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00072-CV

_______________

 

CITY OF GALVESTON, TEXAS, Appellant

 

V.

 



KAREN ALBRIGHT, Appellee

 



 

On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 02CV1251



 



 

M
E M O R A N D U M   O P I N I O N








The City of Galveston (ACity@) appeals
the trial court=s denial
of its plea to the jurisdiction, arguing that appellee Karen Albright failed to
plead sufficient facts to invoke a waiver of immunity under the Texas Tort
Claims Act (AAct@).[1]  Alternatively, the City argues that if
Albright pleaded sufficient facts, her claim is exempted under the Act.  Because we hold that the pleadings and
jurisdictional evidence do not affirmatively negate jurisdiction, we affirm the
trial court=s ruling.

Factual and Procedural Background

The
underlying facts in this case are essentially undisputed.  At 7:00 a.m. on February 25, 2002, Albright
was riding her bicycle to work when she struck a Adrainage block@ protruding from the roadway.  Albright was thrown from her bicycle and
suffered injuries.  She filed suit
against the City.  The City filed a plea
to the jurisdiction, which the trial court denied, and this appeal ensued.  

Texas Tort Claims Act

Generally,
cities and counties enjoy sovereign immunity from suit unless such immunity has
been waived.  County of Cameron v.
Brown, 80 S.W.3d 549, 554 (Tex. 2002); City of Galveston v. Gray, 93
S.W.3d 587, 591 (Tex. App.CHouston [14th Dist.] 2002, pet. denied).  The party suing the governmental entity must
establish waiver of immunity, either by reference to a statute or to express
legislative consent.  General Servs.
Comm=n v. Little‑Tex Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001); Gray,
93 S.W.3d at 591.  Sovereign immunity
from suit defeats a trial court=s subject matter jurisdiction and is properly asserted in a
plea to the jurisdiction.  State Dep=t of Highways & Pub. Transp. v.
Gonzalez, 82 S.W.3d
322, 327 (Tex. 2002); Tex. Dep=t of Transp. v. Jones, 8 S.W.3d 636, 637 (Tex. 1999); Gray,
93 S.W.3d at 591.    

The
Act provides a limited waiver of sovereign immunity, specifically in three
areas:  (1) use of a publicly owned
automobile; (2) premise defects; and (3) injuries arising out of conditions or
use of property.  Tex. Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225 (Tex. 2004); see
Tex. Civ. Prac.
& Rem. Code Ann. ' 101.021 (Vernon 1997).  Whether there has been a statutory waiver of
immunity is a question of law.  See
Miranda, 133 S.W.3d at 226; City of El Paso v. W.E.B. Invs., 950
S.W.2d 166, 169 (Tex. App.CEl Paso 1997, pet. denied). 








Standard of Review

A
plaintiff has the burden to allege facts affirmatively demonstrating the court=s jurisdiction over the suit.  Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).  When a plea to the jurisdiction
challenges the pleadings, the trial court considers the allegations in the
pleadings, accepting those allegations as true, and may also consider evidence
relevant to the jurisdictional issues raised. 
Gray, 93 S.W.3d at 590B91. 
When the plea challenges the existence of jurisdictional facts, relevant
evidence submitted by the parties also may be considered when necessary to
resolve the jurisdictional issues raised. 
Miranda, 133 S.W.3d at 227. 
The trial court reviews the evidence to determine if a fact issue
exists; if it concludes fact issues exist, the trial court may not grant the
plea.  Id. at 227B28. 
If the relevant evidence is undisputed or fails to raise a fact issue,
the trial court rules on the plea as a matter of law.[2]  Id. 
However, Aa court may not weigh the claims= merits but must consider only the
plaintiff=s pleadings and the evidence
pertinent to the jurisdictional inquiry.@  Brown, 80 S.W.3d at 555; see also Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554B55 (Tex. 2000).  

When
reviewing a trial court=s order on a plea to the jurisdiction, we must construe the
pleadings liberally in the plaintiff=s favor and look to the pleader=s intent.  Miranda, 133 S.W.3d at 226; Brown,
80 S.W.3d at 555. When a plaintiff fails to plead facts establishing
jurisdiction, but the petition does not affirmatively negate jurisdiction, the
issue is one of pleading sufficiency and the plaintiff should be afforded the
opportunity to amend. Miranda, 133 S.W.3d at 226-27; Brown, 80
S.W.3d at 555. 

Analysis








In
two issues, the City contends the trial court improperly denied its plea to the
jurisdiction, claiming (1) Albright failed to plead sufficient facts
establishing waiver of immunity under the Act, and (2) even if Albright=s pleadings sufficiently allege
waiver, the challenged Aconduct@ falls within the discretionary exception[3]
to the Act.   

A.        Albright=s Pleadings  

The
facts as alleged in Albright=s petition are as follows:

On February 25,
2002, [Albright] while riding her bicycle struck a drainage ditch in the northwest
corner of 10th and Ball Street. [Albright] was proceeding from her place of
employment to home.  The accident took
place at 7:00 a.m. in the morning.  When
[Albright] struck the drainage ditch, [Albright] was thrown from her bicycle.
[Albright] suffered injury to her body (broken hand, dislocated digit finger
and a blackened face (left eye)). [Albright] also suffered general bruises from
the fall in question.

 

Further, the
petition alleges Albright is suing the City Afor damages associated with the
condition of City streets and/or sidewalk that has caused injury@ and that Athe defective existence of the
road/street was an actual and/or constructive notice defect in that the nature
of the defect is open and obvious which on reasonable inspection would have
disclosed the defect.@ 








In
her response to the City=s plea to the jurisdiction, Albright provided a more detailed
recitation of the underlying facts,[4]
stating that she rode her bicycle to work for nine years; however, on the day
of the accident, she took an alternate route and struck the drainage block,
which was exposed and raised above the driving surface, resulting in her
injuries.  She alleged that the City had
actual and/or constructive knowledge of the defect because a reasonable
inspection would have revealed it and the City=s crews had been to that location Aon at least nine occasions prior to@ her accident.  She also cited sections of the Act which she
alleged were express waivers of immunity in this case.[5]  Albright also asserted that the City was
liable because the drainage block was a special defect and a premise defect.[6]
Attached to her response was an expert=s report and portions of Albright=s deposition.  

B.        Premise
Claim








The
City first argues that the drainage block is not a special defect as a matter
of law.  The character of the drainage
blockCas a premise defect or a special defectCdetermines the duty allegedly owed by
the City to Albright. If a claim arises from a premise defect, the
governmental unit owes the claimant the same duty that a private person owes to
a licensee on private property, in other words, not to injure a licensee by
willful, wanton or grossly negligent conduct, and to use ordinary care either
to warn a licensee of, or to make reasonably safe, a dangerous condition of
which the owner is aware and the licensee is not.  See Tex.
Civ. Prac. & Rem. Code Ann. '
101.022(a) (Vernon 1997); State Dep=t of
Highways v. Payne, 838 S.W.2d 235, 237 (Tex. 1992); State v. Tennison,
509 S.W.2d 560, 562 (Tex. 1974). 
However, if a premise claim arises from a special defect the duty owed
is the same as a private person owes to an invitee.  See Tex.
Civ. Prac. & Rem. Code Ann. '
101.022(b); Payne, 838 S.W.2d at 237; Harding v. Kaufman County,
119 S.W.3d 428, 432 (Tex. App.CTyler
2003, no pet.).  That duty requires an
owner to use ordinary care to reduce or eliminate an unreasonable risk of harm
created by a premises condition of which the owner is or reasonably should be
aware.[7]  Payne, 838 S.W.2d at 237. 

1.  Special defect 

Special defects are excavations or obstructions on
roadways, or some other condition that presents an Aunexpected
and unusual danger to ordinary users of roadways.@  Payne, 838 S.W.2d at 238B39; see
Tex. Civ. Prac. & Rem. Code Ann.
'
101.022(b).  The test for Aunexpectedness@ is an
objective one.  Hindman v. State Dep=t of
Highways & Pub. Transp., 906 S.W.2d 43, 45 (Tex. App.CTyler
1994, writ denied).  AA special
defect must be distinguished by some unusual quality outside the ordinary
course of events.@  Mitchell v. City of Dallas, 855 S.W.2d
741, 747 (Tex. App.CDallas
1993), aff=d, 870
S.W.2d 21 (Tex. 1994).  It is not a
longstanding, routine or permanent condition. 
Id. at 748.  Both ordinary premise defects and
special defects can constitute a dangerous condition.  Morse v. State, 905 S.W.2d 470, 474
(Tex. App.CBeaumont 1995, writ denied).  Whether a condition is a premise
defect or a special defect is a question of law.  State v. Burris, 877 S.W.2d 298, 299
(Tex. 1994).    

In
her pleadings, Albright alleges the drainage block is a special defect.  Her petition states that the defective
condition of the road was Aopen and obvious,@ such that it served to provide
notice to the City.  Her expert=s report contains pictures of the
drainage block and its dimensions,[8]
and notes that the City had not furnished information indicating when the
drainage block was installed. 








Attached
to its plea, the City furnished an affidavit from Angelo Grasso, the Senior
Assistant Public Works Director, in which he stated (1) the drainage block was
not defective because it performs the function it was designed to perform, that
is, it facilitates drainage; (2) the drainage block is open and obvious, and
observable by Aany ordinary user of the roadway@; and (3) there is nothing Aunusual or unexpected@ about the drainage device which
would alert the City to its dangerous condition. 

Even
construing Albright=s pleadings liberally, she does not establish that the
drainage block is a special defect.  Her
pleadings do not allege that the drainage block was an excavation, obstruction,
or possessed some other quality which would distinguish it from something out
of the ordinary.  Moreover, Albright
pleaded that the drainage block was Aopen and obvious.@ 
The open and obvious nature of the drainage block serves to defeat the Aunexpected and unusual requirement@ for a special defect.  See Villegas v. Tex. Dep=t of Transp., 120 S.W.3d 26, 32 (Tex. App.CSan Antonio 2003, pet. denied).  Although Albright may not have actually been
aware of the drainage block because she was taking an alternative route to work
when the accident occurred, the test for unexpectedness when determining
whether a condition is a special defect is an objective one.  Hindman, 906 S.W.2d at 45.  Finally, Grasso=s affidavit negates Albright=s claim that the drainage block is a
special defect and her evidence does not controvert Grasso=s statements.  We conclude Albright=s pleadings and the relevant
jurisdictional evidence affirmatively demonstrate that the drainage block is
not a special defect. 

2.  Premise defect 








The
City also contends that even as a premise defect claim,[9]
Albright=s pleadings are insufficient because
she has failed to plead: that (1) the drainage block created an unreasonable
risk of harm; (2) the City actually knew of the unreasonable risk; (3) she did
not know of the danger; or, (4) the City failed to exercise ordinary care to
protect her from the danger posed by the drainage block.  

To
establish liability for a premise defect, a licensee must prove that: 

(1) a condition of the premises
created an unreasonable risk of harm to the licensee;

(2) the owner actually knew of the
condition;  

(3) the licensee did not actually
know of the condition;  

(4) the owner failed to exercise
ordinary care to protect the licensee from danger; [and] 

(5) the owner=s failure was a proximate cause of injury to the
licensee.

 

Payne, 838 S.W.2d at 237; Villegas,
120 S.W.3d at 33-34. 








Albright=s pleadingsCalthough rudimentary[10]Cstate that she is suing the City for
damages caused by the defective condition of the City=s streets and storm drain.  She states that the City had a duty to
maintain the street and the drainage block, failed to perform that duty, and
such failure was the proximate cause of her injuries.  Further, she alleges that the City had actual
and/or constructive notice of the drainage block=s defective condition which was
evidenced by the maintenance records and Afrequency with which the city crews
performed work at this intersection.@ 
In her deposition, attached to the expert=s report, Albright stated she was not
aware of the drainage block because she was not traveling her normal route that
morning, and she had not seen other drainage blocks Apoking up in the middle of the
street.@ 
Albright=s expert report stated that the drainage block was hazardous,
the City had the duty to repair and maintain the road in a safe manner, and in
his opinion, the City failed in its duty to Aadequately protect the health, safety
and welfare@ of the City=s residents Arelated to the installation and
maintenance@ of the drainage block.  Finally, attached to the report were the City=s repair records regarding the
drainage block, indicating work had been done on it numerous times, and
pictures attached to the report show the asphalt surrounding the drainage block
had been patched and repaired.  In sum,
construing Albright=s pleadings liberally, as we must, she has sufficiently alleged
a premise defect claim against the City for a defective condition of the
drainage block.  

The
City argues Grasso=s affidavit establishes that the City was not aware the
drainage block posed any danger. 
Specifically, Grasso=s affidavit states, A[t]here is nothing unusual or
unexpected about the drainage device . . . which would make the
[City] aware the drainage device is potentially dangerous or hazardous to the
public.@ 
Read in context, Grasso=s statement goes directly to whether the drainage block was a
special defect, but does not address Albright=s claim that the City was aware of
the defective condition of the drainage block due to the number of times it had
been to that location to maintain and repair the drainage block.  The evidence provided by Albright shows the
drainage block had been patched and that the City=s crews had been out to the site
numerous times to perform maintenance work. At a minimum, this evidence raises
a fact issue as to the City=s knowledge and, when jurisdictional evidence raises a fact
issue, a plea to the jurisdiction must be denied. Miranda, 133 S.W.3d at
227B28.

In
its plea, the City states that, because Albright did not have her bicycle light
on and because she violated traffic laws by crossing over to the left hand side
of the road where she encountered the drainage block, she cannot establish
jurisdiction.  However, whether Albright
was properly following applicable traffic laws or whether her bicycle light
should have been on, are issues pertaining to comparative responsibility but do
not negate jurisdiction.  See, e.g.,
Brown, 80 S.W.3d at 556 (noting plaintiff=s lack of care may be issue for jury
to decide).  








Finally,
the City also argues that because Albright=s petition states the drainage block
was obvious and open, it defeats jurisdiction for a premise defect by negating
her claim that she was not aware of the drainage block=s dangerous condition.  However, in asserting a premise defect claim,
the plaintiff must establish her lack of actual knowledge.  See Payne, 838 S.W.2d at 237; Harding,
434-35.  In her petition, Albright
claimed the drainage block was Aopen and obvious@ in the context of providing
constructive notice to the City.  She
stated in her deposition that she did not know of the drainage block because
she was traveling a route that was not her usual route.  The fact Albright was traveling an unfamiliar
route was also alleged in her original petition.  Construing the pleadings liberally in
Albright=s favor and looking to her intent,
they do not affirmatively negate jurisdiction. 
See Miranda, 133 S.W.3d at 226-27.  We overrule the City=s first issue. 

C.        Discretionary
Acts 

Alternatively, the City contends that even if
Albright has sufficiently pleaded a premise defect, her claim is exempted from
waiver of immunity under the Act because the City=s acts
and decisions pertaining to the design and installation of the drainage block
are discretionary.  Albright argues her
claim involves the City=s
maintenance of the drainage block. 

Under section 101.056, claims based on the
performance or nonperformance of an act left to the discretion of the
governmental unit are exempted from the waiver of immunity under the Act.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 101.056
(Vernon 1997); State v. Rodriguez, 985 S.W.2d 83, 85 (Tex. 1999).  An act is discretionary if it requires
exercising judgment and the law does not dictate performing the act with such
precision that nothing is left to discretion or judgment.  Rodriguez, 985 S.W.2d at 85.  Design decisions are considered discretionary
acts.  See, e.g., Mogayzel v.
Tex. Dep=t of
Transp., 66 S.W.3d 459, 465 (Tex. App.CFort
Worth 2001, pet. denied); Mitchell, 855 S.W.2d at 745.  Maintenance activities are not considered
discretionary acts.  See Brown v.
State Dep=t of
Transp., 80 S.W.3d 594, 598 (Tex. App.CCorpus
Christi 2000, no pet.).  Maintenance
activities are distinguished from discretionary acts in that maintenance
involves the preservation of existing infrastructure.  Id. Whether an act is discretionary is
a question of law.  State v. Miguel,
2 S.W.3d 249, 251 (Tex. 1999).








Here, construing Albright=s
pleadings liberally, she claims the City had a duty to maintain the drainage
block in a safe manner and the City failed in that duty.  She also provided copies of the City=s
maintenance records.  Thus, her claim
involves maintenance activities.[11]  See, e.g., Brown, 80 S.W.3d at
598 (concluding that maintaining lights previously installed was not a
discretionary act); City of Fort Worth v. Gay, 977 S.W.2d 814, 816-17
(Tex. App.CFort Worth 1998, no pet.)
(concluding plaintiff=s claims
focused on the City=s failure
to maintain, clean, and inspect an area of the street and actions were
therefore not immune to suit).  We
overrule the City=s second
issue.  

Conclusion

Although we hold Albright=s
pleadings do not affirmatively demonstrate an incurable jurisdictional defect,
we cannot say that her pleadings affirmatively demonstrate jurisdiction.  Her pleadings fail to clearly state whether
she had actual knowledge of the condition of the drainage block.  Because this defect is a pleading deficiency
that may be cured through amendment, we affirm the trial court=s denial
of the City=s plea to the jurisdiction.  See, e.g., Brown, 80 S.W.3d at 559
(stating that failure to plead a plaintiff=s lack of
actual knowledge was a pleading defect for which the plaintiff should be afforded
the opportunity to amend). 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered
and Memorandum Opinion filed November 2, 2004.

Panel consists of
Justices Yates, Edelman, and Guzman. 

 

 











[1]           Tex. Civ. Prac. & Rem. Code ch.
101.  All subsequent references to the AAct@ are to the Texas Tort Claims Act.     





[2]           If the
plaintiff had a reasonable opportunity to amend his pleadings and still did not
allege facts constituting a waiver of immunity, a dismissal of the plaintiff=s claims is with prejudice.  Harris County v. Sykes, 47 Tex. Sup.
Ct. J. 618, 2004 WL 1194127 *3 (Tex. May 28, 2004).  





[3]           The
Act does not apply to claims based on the following:

 

(1) the failure of a governmental unit to perform an
act that the unit is not required by law to perform;  or

(2) a governmental unit=s
decision not to perform an act or on its failure to make a decision on the
performance or nonperformance of an act if the law leaves the performance or
nonperformance of the act to the discretion of the governmental unit. 

 

Tex. Civ. Prac. & Rem.
Code Ann. ' 101.056
(Vernon 1997).  





[4]           Pleadings
relevant to a review of a plea to the jurisdiction include responses filed in
connection with the plea.  Mission
Consol. Indep. Sch. Dist. v. Flores, 39 S.W.3d 674, 676 (Tex. App.CCorpus Christi 2001, no pet.) (citing Janik v.
Lamar Consol. Indep. Sch. Dist., 961 S.W.2d 322, 324 (Tex. App.CHouston [1st Dist.] 1997, writ denied)).





[5]           Albright
referred to sections 101.021 and 101.0215. 
Section 101.0215 provides that a municipality is liable under the Act
for damages arising from certain governmental functions, including street
construction and design, and street maintenance.  See Tex.
Civ. Prac. & Rem. Code Ann. '
101.0215 (Vernon Supp. 2004).   





[6]           Albright
did not amend her original petition to reflect these more specific allegations,
but did request the opportunity to amend. 






[7]           The
differences in the elements required to prove these duties are: (1) a licensee
must prove that the premises owner had actual knowledge of the condition, while
an invitee need only prove that the owner knew or reasonably should have known
of the dangerous condition; and (2) a licensee must prove that he did not know
of the dangerous condition, however an invitee need not prove this
element.  Payne, 838 S.W.2d at
237; Morse, 905 S.W.2d at 474.  





[8]           The
expert=s report describes the dimensions of the drainage
block as follows: the portion of the block Athat
faces the curb is raised above the road surface approximately by six and half
inches and the portion that opens into the street is raised above the road
surface approximately 10.5 inches.@  The drainage block is Abetween 24 and 36 inches in width.@  There is
information in the report indicating that other drainage blocks in the City
differ from the one causing Albright=s
injuries.     





[9]           At
oral argument, the City conceded that the drainage block is a premise
defect.  The City also asserted in its
appellate brief that the drainage block was a premise defect.  





[10]          At oral
argument, Albright=s counsel conceded that the petition was less than
artful.  





[11]          Due to
the limited nature of Albright=s pleadings and the evidence before us, it is not
altogether clear if she is claiming her injuries were also caused by
installation of the drainage block.  If
her claim is based on the installation of the drainage block, it may impact
Albright=s ability to establish waiver; however, because she
has alleged maintenance issues, at this juncture we need not address a claim
concerning installation.