**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00451-CV**
_____

**THE CITY OF BEAUMONT, Appellant**

**V.**

**RAUL ISERN, Appellee**

_____

**On Appeal from the 136th District Court**
**Jefferson County, Texas**
**Trial Cause No. D-204,407**

_____

**MEMORANDUM OPINION**

In one issue on appeal, the City of Beaumont ("the City") argues that the trial court erred in denying its plea to the jurisdiction. Raul Isern contends that his live pleading is adequate to waive the City's sovereign immunity, and if the issue is one of pleading insufficiency, he should be afforded an opportunity to amend his pleading. We affirm the trial court's order denying the City's plea to the jurisdiction on Isern's premises defect claim, and reverse and render as to all Isern's other claims.

1

Background

In August 2019, Isern filed suit against the City for injuries he allegedly sustained when he struck a water valve street cover on the roadway while riding his bicycle. According to Isern, he was upended and sustained severe and disabling personal injuries due to the unreasonably dangerous condition of the roadway, and that despite having had actual and/or constructive knowledge of the dangerous condition, the City failed to eliminate, reduce, or warn of said condition. Isern alleged that the City failed to properly inspect, repair, and maintain its public streets, and his personal injuries were caused by the City's wrongful act or omission or the negligence of a City employee acting within the scope of his employment. Isern further alleged that the incident was caused by a condition or use of tangible personal or real property, and if the City were a private person, it would be liable under Texas law. According to Isern, the City has waived immunity and is liable under the Texas Tort Claims Act (TTCA).

The City filed a plea to the jurisdiction, arguing that Isern cannot establish a premises liability claim, show that his injuries were caused by the use of tangible personal property or real property by a City employee, or maintain a general negligence claim. The City argued that Isern failed to assert a premises liability claim under the licensee standard, because Isern failed to show how the valve cover created an unreasonable risk of harm. The City further argued that Isern failed to (1) establish

2

that it had actual and/or constructive knowledge that the valve cover in its existing state created an unreasonable risk of harm, (2) asserted that the City's actions or failure to act were the proximate cause of Isern's injuries, and (3) alleged facts supporting a conclusion of a premises defect against the City. According to the City, the valve cover was not cracked, damaged, or concealed in the roadway, and the valve cover does not qualify as a special defect because it is a permanent fixture that only creates a slight elevation in the roadway.

The City also argued that Isern failed to show that his injuries were caused by a condition or use of tangible personal or real property by a City employee, because the City's employees were not putting or bringing the valve into action or service when Isern was injured. According to the City, Isern's claims of general negligence are also insufficient to support a premises defect claim, because Isern may not assert a general negligence theory after asserting a premises liability claim. The City argued that the trial court should dismiss Isern's claims against the City, because Isern failed to plead facts establishing the City's waiver of immunity for each cause of action.

In his reply to the City's plea to the jurisdiction, Isern argued that his first amended original petition alleges a cause of action that implicates the waiver of the City's governmental immunity under the TTCA. Isern's amended petition alleges that the City waived liability under the TTCA and that the condition of the roadway

3

that caused the incident constituted (1) an unreasonably dangerous condition that posed an unreasonable risk of harm, (2) a special defect, and a (3) premises defect. According to Isern, the City allowed the condition of the roadway to deteriorate and become unsafe, causing the valve cover, which was once "flush" or level with the street, to protrude from the buckled, cracked, split, uneven, and unsafe pavement. Isern alleged that the City had actual and constructive knowledge of the unreasonably dangerous condition and defect, because when the City repaved the area in 2016, it left the valve cover above pavement grade in violation of its own specifications. According to Isern, the City had received prior reports of injuries and the potential danger of the condition, and the City was negligent in failing to eliminate, reduce, or warn of the condition. Isern alleged that the City's ordinary and gross negligence proximately caused the incident, and the City failed to warn him of the dangerous condition or to make the condition reasonably safe. Isern further alleged that the incident was caused by a condition or use of tangible personal or real property for which the City would be liable. Isern maintained that he was unaware of the dangerous condition, which presented an unexpected and unusual danger to him, and the condition involved a significant and substantial change in the road's elevation and was not a longstanding or permanent feature.

The trial court conducted a hearing on the City's plea, and after hearing the parties' arguments and reviewing Isern's pleadings, the trial court found that the

4

pleadings were sufficient and that they fit within the statutory exceptions to the sovereign immunity provisions outlined by the Texas Legislature. The trial court denied the City's plea to the jurisdiction. The City appealed.

Analysis

In its sole issue, the City complains that the trial court erred in denying its plea to the jurisdiction. The City argues that Isern cannot maintain a claim against the City for the use or misuse of tangible personal or real property because the City's employees were not installing or using the valve cover when Isern struck it. The City further argues that Isern cannot establish a premises defect or special defect claim, and that Isern's claims of general negligence are insufficient to overcome the City's immunity. Isern contends that he has clearly and specifically pleaded the City's waiver of immunity under the TTCA.

A plea to the jurisdiction is a dilatory plea, which governmental entities may use to challenge a court's power to resolve the merits of a plaintiff's claims. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Generally, trial courts do not possess subject-matter jurisdiction over a suit against a governmental entity unless the Legislature has enacted a statute waiving the entity's immunity for the type of claim the plaintiff has asserted in the suit. *See Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 403 (Tex. 1997); *Duhart v. State*, 610 S.W.2d 740, 741 (Tex. 1980). In cases involving torts, the Legislature waived the immunity that governmental

5

entities, such as municipalities, otherwise enjoy if the plaintiff's claim is one that falls within the requirements of the statutory waiver. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021-.029. Section 101.025 of the TTCA allows a plaintiff to sue a governmental entity for damages if the requirements in the TTCA apply to the plaintiff's claim. *See id.* § 101.025.

"When a plea to the jurisdiction challenges the pleadings, we determine if the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case, construing the pleadings liberally in favor of the plaintiff and considering the plaintiff's intent." *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 486 (Tex. 2018). "Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed *de novo*." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the plaintiff's pleadings fail to contain sufficient facts that affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be given an opportunity to amend. *Id.* at 226-27. If the pleadings affirmatively negate the existence of jurisdiction, we may grant the plea to the jurisdiction and dismiss the plaintiff's suit without allowing the plaintiff the opportunity to amend. *Id.* at 227.

We first determine whether Isern's pleadings are sufficient to raise a claim for use of property within the TTCA's purview. The City argues that Isern cannot

6

maintain a claim for the use or misuse of tangible personal or real property because the City's employees were not installing or using the valve cover when Isern struck it. Isern maintains that he clearly and specifically pleaded the City's waiver of immunity under section 101.021(2). *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2).

The TTCA waives a municipality's immunity from suits if the suit arose from a condition or the municipality's use of tangible personal or real property, and the municipality was engaged in a governmental function when the plaintiff's injury occurred. *Id.* §§ 101.021(2), 101.0215(a). Additionally, for the use-of-property waiver to apply, a plaintiff must show that the municipality "would, were it a private person, be liable to the claimant according to Texas law." *Id.* § 101.021(2). The term "use" in section 101.021 of the TTCA means "'to put or bring into action or service; to employ for or apply to a given purpose.'" *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001) (quoting *Tex. Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 869 (Tex. 2001)). "[M]ere involvement of tangible personal property in an injury will not, in and of itself, waive liability." *Tex. Tech Univ. Health Sci. Ctr. v. Jackson*, 354 S.W.3d 879, 884 (Tex. App.—El Paso 2011, no pet.). The tangible personal property must do more than merely furnish the condition that makes the injury possible. *Id.* "A plaintiff must show that the tangible personal property was the instrumentality of harm." *Id.* By its express language, the TTCA

7

limits the waiver of sovereign immunity to injuries proximately caused by a condition or use of personal property. *Id.* at 885; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). To state such a claim, the injury must be contemporaneous with the use of the property and using that property must have actually caused the injury. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 388-89 (Tex. 2016). We conclude that Isern's pleadings fail to allege facts that affirmatively demonstrate that his injuries arose from the City's use of tangible personal property. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2); *Sampson*, 500 S.W.3d at 389; *Jackson*, 354 S.W.3d at 884.

Next, we determine whether Isern's pleadings are sufficient to raise a claim for a premises defect within the TTCA's purview. The City contends that Isern failed to meet his burden of proving every element of a premises defect claim. Isern argues that he specifically pleaded that the City failed to warn about the condition despite having had actual knowledge that the condition was both unreasonably dangerous and posed an unreasonable risk of harm, and Isern also pleaded that he was unaware and had no knowledge of the dangerous condition. Isern further pleaded that the condition was not a longstanding or permanent fixture of the roadway, and that the incident was proximately caused by the City's negligence when it repaved the area and left the valve cover above pavement grade. According to Isern, the dispute concerns the physical characteristics of the defect. Isern contends that the defect

8

violates the City's own internal specifications as to what constitutes a safe condition, and the defect is a condition that unexpectedly and physically impaired his and other ordinary users' ability to travel on the road, creating an unexpected and unusual danger. According to Isern, the City had a duty to make the condition reasonably safe or to adequately warn of the dangerous condition, and Isern maintains that he pleaded the existence and breach of that duty.

The TTCA provides a limited immunity waiver for tort claims arising from either a premises defect or a special defect. Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a), (b). Generally, premises defects are defined as defects or dangerous conditions arising from conditions of a premises, while special defects, a subset of premises defects, include conditions such as obstructions on a street. *Univ. of Tex. at Austin v. Sampson*, 488 S.W.3d 332, 338-39 (Tex. App.—Austin 2014), *aff'd*, 500 S.W.3d 380. If the alleged condition is a premises defect, the governmental unit owes the plaintiff the duty of care that a private landowner would owe a licensee, and that duty requires that the City (1) not injure the licensee by willful, wanton, or grossly negligent conduct, and (2) use ordinary care to warn of or make reasonably safe a dangerous condition of which the City was aware and the licensee was not. *State Dep't. of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992); *see* Tex. Civ. Prac. & Rem. Code. Ann. § 101.022(a). If the alleged condition is a special defect, the City owes the plaintiff the same duty of care that a private

9

landowner owes an invitee, and the City must use ordinary care to reduce or eliminate an unreasonable risk of harm about which the City knew or should have known. *Payne*, 838 S.W.2d at 237; *see* Tex. Civ. Prac. & Rem. Code. Ann. § 101.022(b). Whether a condition is a premises defect or a special defect is a question of law that we review *de novo*. *Payne*, 838 S.W.2d at 238.

Under the TTCA, an item of tangible personal property may create a condition of the premises, resulting in a premises defect claim. *See Sampson*, 500 S.W.3d at 389. In a defective condition claim, there must be an allegation of defective or inadequate property, and that defect must have posed a hazard in the intended and ordinary use of the property. *Id.* at 388. Generally, a licensee asserting a premises-defect claim must show that (1) a condition of the premises created an unreasonable risk of harm to the licensee, (2) the owner actually knew of the condition, (3) the licensee did not actually know of the condition, (4) the owner failed to exercise ordinary care to protect the licensee from danger, and (5) the owner's failure was a proximate cause of injury to the licensee. *Payne*, 838 S.W.2d at 237; *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002). To prove the actual-knowledge element, the licensee must show that the owner actually knew of a dangerous condition when the accident occurred, as opposed to constructive knowledge which can be established by facts or inferences that a dangerous condition could develop over time. *City of Corsicana v. Stewart*, 249 S.W.3d 412, 413-15 (Tex. 2008). In

10

determining actual knowledge that a condition presents an unreasonable risk of harm, courts generally consider whether the premises owner had received reports of prior injuries or of the potential danger presented by the condition. *Sampson*, 500 S.W.3d at 392.

Isern alleged that the City had received prior reports of accidents at the location where the incident occurred. In its response, the City produced no evidence of its lack of knowledge of the condition. We conclude that Isern's pleadings are sufficient to meet his burden of showing a waiver of sovereign immunity. We further conclude that the trial court correctly denied the City's plea to the jurisdiction as to Isern's premises defect claim.

Isern also alleges that the valve cover is a special defect. The City argues that Isern cannot establish a special defect claim, because the valve cover creates a slight elevation in the roadway and only causes a "mere bump" in the road, and road bumps are not considered special defects. The City further argues that the valve cover cannot qualify as a special defect because it is a permanent fixture in the roadway.

In a claim alleging a special defect, an invitee must prove that (1) a condition of the premises created an unreasonable risk of harm to the invitee, (2) the owner knew or reasonably should have known of the condition, (3) the owner failed to exercise ordinary care to protect the invitee from danger, and (4) the owner's failure was a proximate cause of the injury to the invitee. *Payne*, 838 S.W.2d at 237. Special

11

defects are defects such as "excavations or obstructions on highways, roads, or streets[,]" and courts are to construe special defects to include defects of the same kind or class as the ones expressly mentioned in the statute. *See Payne*, 838 S.W.2d at 238; *see also* Tex. Civ. Prac. & Rem. Code. Ann. § 101.022(b); *Cty. of Harris v. Eaton*, 573 S.W.2d 177, 180 (Tex. 1978). We do not agree that in creating an exceptional class of road defects for which the State carries a higher degree of liability the Legislature meant to include every pothole or bump capable of upsetting a cyclist, or to impose a duty to warn of such conditions. *See Hindman v. State Dept. of Highways & Pub. Transp.*, 906 S.W.2d 43, 46 (Tex. App.—Tyler 1994, writ denied).

We agree with the City that the valve cover is not a special defect. Construing the valve cover to be an excavation or obstruction which presents an unexpected and unusual danger to the ordinary user of the roadway strains the definition of those conditions. *See Payne*, 838 S.W.2d at 238-39; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b). Because a special defect must have some unusual quality outside the ordinary course of events, we cannot conclude that the valve cover, which presents only a slight variation on the road, is a special defect. *See City of Dallas v. Reed*, 258 S.W.3d 620, 621-22 (Tex. 2008) (concluding that a two-inch difference in elevation between traffic lanes is not a special defect as a matter of law). Accordingly, we conclude that the valve cover is not a defect of the same kind or

12

class as the excavations or obstruction the statute contemplates. *See id*.; *City of Grapevine v. Roberts*, 946 S.W.2d 841, 843 (Tex. 1997); *Payne*, 838 S.W.2d at 238-39; *Eaton*, 573 S.W.2d at 179-80. We further conclude that because Isern failed to plead a special defect claim, section 101.022(b) of the TTCA does not waive the City's immunity from suit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b).

Lastly, we address the City's argument that Isern's negligence claims are insufficient to overcome the City's immunity. The City argues that section 101.022 does not create a general negligence claim, and that a plaintiff is prohibited from bringing a general negligence claim once he has asserted a premises defect claim. The record shows that Isern pleaded that the City was negligent because it failed to eliminate, reduce, or warn of the condition, and to properly inspect, repair, and maintain the public street where the condition was located. Isern alleged that the City failed to use ordinary care to either warn him of the dangerous condition or to make the dangerous condition reasonably safe, and that the City's negligence, which constituted gross negligence, was the proximate cause of the incident.

Except as provided by the TTCA, governmental entities are immune from prosecution for negligence. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021. The TTCA waives a municipality's immunity for claims involving personal injuries caused by a condition or use of tangible personal or real property. *See id.* § 101.021(2). We have already concluded that Isern's pleadings fail to allege facts that

13

affirmatively demonstrate that his injuries arose from the City's use of tangible personal property. *See id.*; *Sampson*, 500 S.W.3d at 389; *Jackson*, 354 S.W.3d at 884. We have also concluded that Isern has failed to show that his claim arises from a special defect. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.022. The TTCA's premises liability provision imposes heightened requirements for liability, which cannot be avoided by recasting a premises defect claim as one for general negligence. *Sampson*, 500 S.W.3d at 385-86. Because Isern cannot establish an independent waiver of sovereign immunity under the TTCA, he cannot plead a general negligence claim to circumvent the true nature of his claim. *See Sampson*, 500 S.W.3d at 389; *Miranda*, 133 S.W.3d at 233; *City of San Antonio v. Parra*, 185 S.W.3d 61, 64 (Tex. App.—San Antonio 2005, no pet.). Accordingly, we conclude that Isern's negligence claims are insufficient to overcome the City's immunity.

Having concluded that the trial court correctly denied the City's plea to the jurisdiction as to Isern's premises defect claim, we affirm the trial court's order denying the City's plea in part. Because the trial court correctly denied the City's plea to the jurisdiction as to that claim only, we reverse the trial court's order denying the City's plea in part, and render judgment dismissing Isern's remaining claims against the City for lack of subject-matter jurisdiction.

14

AFFIRMED IN PART; REVERSED AND RENDERED IN PART.



STEVE McKEITHEN
Chief Justice

Submitted on March 12, 2020
Opinion Delivered August 13, 2020

Before McKeithen, C.J., Kreger and Horton, JJ.