02-09-166-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF
TEXAS

FORT WORTH

 

NO. 02-09-00166-CV 

 

 


 
 
 City of North Richland Hills
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Laura Friend, Individually and as
 Personal Representative of the Estate of Sarah Elizabeth Friend, Deceased, and
 Luther Friend, Individually
 
 
  
 
 
 APPELLEES 
 
 


 

----------

 

FROM THE 342ND DISTRICT COURT OF TARRANT
COUNTY

 

------------

 

OPINION

 

------------

I.  Introduction

Appellant, the City of North Richland Hills
(the City), brings this interlocutory appeal from the trial court’s denial of
its plea to the jurisdiction in the lawsuit filed against it by Appellees Laura Friend, Individually and as Personal
Representative of the Estate of Sarah Elizabeth Friend, Deceased, and Luther
Friend, Individually (collectively, the Friends).  The City contends in one issue that the trial
court should have granted its plea to the jurisdiction in its entirety, arguing
that the Friends’ claims are barred by governmental immunity because the City
has not, through a statutory waiver of immunity, consented to those
claims.  We affirm in part and reverse in
part.

II.  Background

          On
July 14, 2004, twelve-year-old Sarah Elizabeth Friend visited the City’s NRH20
water park for junior lifeguard training, and after the training finished for
the day, she remained at the park to enjoy the water rides.  While standing in line for the “Green
Extreme” ride, she collapsed due to a hypertrophic cardiomyopathic
condition.[1] 
NRH20 was equipped with at least two automated external defibrillator
devices (AEDs).  Sarah did not, however,
receive external defribrillation until the North
Richland Hills Fire Department arrived at the scene approximately twenty
minutes later.  Sarah was transported and
admitted to a nearby hospital, where she was unable to maintain a regular heart
rate and subsequently died.

          The
Friends filed suit against the City, NRH20, and two City employees. They added
additional defendants through amended pleadings, including seventeen City
employees.  The City filed a combined
motion to dismiss, special exceptions, and a plea to the jurisdiction, arguing
that the Friends’ pleadings had not alleged facts showing a waiver of the
City’s immunity, that the recreational use statute[2] barred the Friends’ claims, and that
the claims against the City’s employees should be dismissed under section
101.106 of the civil practices and remedies code.[3] 
The trial court granted the plea to the jurisdiction as to the City’s
employees but declined to dismiss the claims against the City based on the use
of tangible personal property or a condition of real property.  The trial court did, however, order the
Friends to more specifically plead the factual basis for their claims “based
upon a condition of real property or a premises defect theory of recovery.”

          The
Friends then filed a fourth amended petition, and the City filed another plea
to the jurisdiction asserting that it had not consented to suit under the Texas
Tort Claims Act (TTCA) and that the Friends were barred by civil practice and
remedies code section 101.106 from asserting claims against the City because
they had sued both the City and its employees. 
Before the hearing on the City’s plea, the Friends filed their fifth
amended petition.  The petition alleged a
negligence claim based on a premises defect and a claim based on the use or
condition of tangible personal property (specifically, the AEDs and the radio
equipment used by an employee to call for the necessary resuscitative
equipment).  The Friends also filed a
response to the City’s plea to the jurisdiction, arguing that the TTCA waived
the City’s immunity and that section 101.106 of the TTCA did not bar their
claims against the City.  The trial court
denied the plea to the jurisdiction, and this interlocutory appeal followed.

III.  Standard of Review

          Whether
the trial court has subject matter jurisdiction is a question of law that we
review de novo.  Tex. Natural Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).  A plea to the jurisdiction is a dilatory plea
that challenges the trial court’s subject matter jurisdiction.  Bland Indep. Sch. Dist. v. Blue,
34 S.W.3d 547, 554 (Tex. 2000).  It is used to defeat a cause of action
without regard to whether the claims asserted have merit.  Id.

          The
plaintiff has the burden of alleging facts that affirmatively establish the
trial court’s subject matter jurisdiction. 
Tex. Ass’n of Bus.
v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).  We construe the pleadings
liberally in favor of the plaintiff, look to the pleader’s intent, and accept
the pleadings’ factual allegations as true. 
Tex. Dep’t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).

IV.  Discussion

          In
its sole issue, the City contends that the trial court erred by denying its
plea to the jurisdiction because the TTCA does not waive the City’s immunity
from suit.  Specifically, the City
contends that because the Friends sued both the City and some of its employees,
section 101.106(b) of the civil practice and remedies code bars any claim
against the City unless the City has consented to the suit.  The City continues by arguing that the TTCA
has not waived the City’s governmental immunity.

A. 
Applicable Law

1.  Governmental Immunity

Unless waived by the State,
governmental immunity from suit defeats a trial court’s subject matter
jurisdiction.  Miranda, 133 S.W.3d at 225.  “[Governmental] immunity deprives a trial court
of subject matter jurisdiction for lawsuits in which the state or certain
governmental units have been sued[,] unless the state
consents to suit.”  Id. at 224.  In Texas, governmental immunity has two
components:  immunity from liability and
immunity from suit.  Tooke v. City of Mexia,
197 S.W.3d 325, 332 (Tex. 2006); Miranda, 133 S.W.3d at 224. 
Immunity from liability “bars enforcement of a judgment against a
governmental entity” and is an affirmative defense.  Tooke,
197 S.W.3d at 332; Miranda,
133 S.W.3d at 224.  Immunity from suit,
on the other hand, “bars suit against the [governmental] entity altogether”
because it “deprives a court of subject matter jurisdiction.”  Tooke,
197 S.W.3d at 332; Miranda,
133 S.W.3d at 224.

2.  TTCA Section 101.106(b) Election of Remedies

          Civil
practice and remedies code section 101.106(b) states:  “The filing of a suit against any employee of
a governmental unit constitutes an irrevocable election by the plaintiff and
immediately and forever bars any suit or recovery by the plaintiff against the
governmental unit regarding the same subject matter unless the governmental
unit consents.”  Tex.
Civ. Prac. & Rem. Code §
101.106(b).  The supreme court has interpreted section 101.106(b) to bar “any
suit” against the governmental unit relating to the same subject matter, even
if the claimant simultaneously sued both the governmental unit and its
employee.  Mission Consol. Indep. Sch.
Dist. v. Garcia, 253 S.W.3d 653, 659–60 (Tex.
2008).  However, the supreme court has also held that the issue of whether the
governmental entity has consented to the suit—and is therefore precluded from
relying on section 101.106(b)—is determined by reference to the Constitution
and state laws.  Id. at 660.  Thus, we refer to the TTCA to determine
whether the City has consented to suit in this case.

          3.  TTCA Sections 101.021(2) and 101.022 Waivers
of Immunity

          The
City asserts that it has not consented to the Friends’ suit because the
applicable provisions of the TTCA have not waived the City’s governmental
immunity.  Relevant to this case, section
101.022 provides that the City’s immunity is waived for premises defects or
“special defects such as excavations or obstructions on highways, roads, or
streets.”  Id. § 101.022(a), (b) (Vernon Supp. 2010).  In addition, section 101.021(2) of the TTCA
waives the City’s governmental immunity for “personal injury and death so
caused by a condition or use of tangible personal or real property if the
governmental unit would, were it a private person, be liable to the [Friends]
according to Texas law.”  Tex. Civ. Prac. &
Rem. Code Ann. § 101.021(2) (Vernon 2005).  Conversely, the TTCA does not waive
governmental immunity if the governmental unit would not be liable to the
claimant under Texas law if it were a private person.  Id. §§ 101.021(2), .025(a) (Vernon 2008); Miranda, 133 S.W.3d at 224. 
Thus, the TTCA creates a unique statutory scheme in which immunity from
liability and immunity from suit are coextensive.  Miranda,
133 S.W.3d at 224; see also Tex. Civ.
Prac. & Rem. Code §§
101.021(2), .025(a).  We must
therefore determine whether the Friends have established a waiver of the City’s
governmental immunity by pleading sufficient facts to bring their suit within
the TTCA’s waiver of immunity in sections 101.021(2) or 101.022.  See Tex.
Civ. Prac. & Rem. Code §§
101.021(2), .022(a), (b), .025(a); Miranda,
133 S.W.3d at 226.

B. 
Premises Defect

          The Friends contend they have adequately alleged injury
caused by a premises defect by pleading that the City “failed to provide an AED
device and/or other resuscitative equipment or devices at or near the Green
Extreme structure and activity.”  We
disagree.

The TTCA provides a limited waiver of
immunity for tort claims arising from either ordinary premises defects or special
defects.  Tex. Civ. Prac. & Rem. Code Ann. §
101.022(a), (b).  Different
standards of care apply depending upon whether the condition was an ordinary
premises defect (same duty as licensee) or a special defect (same duty as
invitee).  Id.; see
Univ. of Tex. at Austin v. Hayes, 327 S.W.3d 113, 116 (Tex. 2010).  The legislature has not defined “special
defect,” but the statute refers to conditions such as “excavations or
obstructions on highways, roads, or streets.” 
Id. (citing Tex. Civ. Prac. & Rem. Code § 101.022(b)); see also Denton Cnty. v. Beynon,
283 S.W.3d 329, 331 n.11 (Tex. 2009) (noting
conditions can be special defects only if they pose a threat to ordinary users
of a particular highway).  As a matter of
law, the allegations of failure to provide or place the AEDs at or near the
Green Extreme activity and structure in the City’s water park cannot constitute
a “special defect” because no highway, road, or street is involved.  See
Tex. Civ. Prac. & Rem. Code
Ann. § 101.022(b).  Thus, the
Friends’ allegations do not waive the City’s immunity based on the existence of
a special defect.

          The
Friends have also failed to allege an ordinary premises defect.  Chapter 101 does not define “premises,” but
“premises” is defined in civil practice and remedies code section 75.001(2) to
include “land, roads, water, watercourse, private ways, and buildings,
structures, machinery, and equipment attached to or located on the land, road,
water, watercourse, or private way.”  Id. § 75.001(2) (Vernon Supp. 2010); see Nunez v. Sansom
Park, 197 S.W.3d 837, 842 (Tex. App.—Fort Worth
2006, no pet.) (defining “premises” as “a building or
part thereof with its grounds and appurtenances” and holding that negligent use
of or a condition in real property does not exist apart from a premises
liability claim).  Further, “’[d]efect’ has been defined as a
shortcoming, an imperfection, or the want of something necessary for
completeness.”  Nunez, 197 S.W.3d at 842.  Here, the Friends’ pleading that the City
“failed to provide an AED device and/or other resuscitative equipment or
devices at or near the Green Extreme structure and activity” does not involve a
building or its grounds or appurtenances. 
Thus, although the pleading arguably alleges a defect based on the “want
of something necessary for completeness,” the pleading does not allege a
premises defect.  See id. at 842–43; see also State v. Burris,
877 S.W.2d 298, 299 (Tex. 1994) (holding stopped vehicle blocking highway not a
premises defect); Retzlaff v. Tex. Dep’t of Criminal Justice, 135
S.W.3d 731, 740–41 (Tex. App.―Houston [1st Dist.] 2003, no pet.) (holding razor wire on prison fence not a premises
defect).  Therefore, the Friends’
pleadings do not allege the existence of an ordinary or special premises defect
sufficient to invoke the TTCA’s waiver of the City’s immunity.[4]

C. 
Condition or Use of Tangible Personal Property

          1.  Non-Use of Tangible Personal Property

          The
Friends allege that the
City “failed to provide an AED device and/or other resuscitative equipment at
or near the Green Extreme” and that the AED was “removed . . . from the Green
Extreme and improperly placed . . . in a location where . . . it could not be
timely obtained and used at or near the Green Extreme.”  However, allegations
of failure to use or nonuse of tangible personal property are not sufficient to
establish a waiver of immunity.  See Tex. Dep’t of Criminal Justice v. Miller,
51 S.W.3d 583, 587–88 (Tex. 2001) (distinguishing failure to use or nonuse of
property from use or condition).  The Friends’
allegations concerning the placement or availability of resuscitative equipment
so that it could not be timely obtained or used at or near the Green Extreme are nothing more than
allegations that the AEDs were not used by the City, that is, they are nonuse
allegations that do not waive immunity under the TTCA.  See Kassen v. Hatley, 887 S.W.2d 4, 14 (Tex. 1994) (holding “non-use of available
drugs during emergency medical treatment is not a use of tangible personal
property that triggers waiver of sovereign immunity.”).  And to the extent the Friends allege that the
removal of the AEDs from the Green Extreme and placement of that equipment
elsewhere was a “use” or “misuse” under the TTCA,  changing storage locations cannot logically
be characterized as putting or bringing them into action or service or
employing or applying them to a given purpose.  See Miller, 51
S.W.3d at 588 (stating that “‘[u]se’ means ‘to put or bring into action or
service; to employ for or apply to a given purpose’”) (quoting Tex. Nat. Res. & Conservation Comm’n v. White, 46 S.W.3d 864, 869 (Tex. 2001)).

          2. 
Use of Tangible Personal Property Did Not Cause Death

          The Friends also allege that the City “used or misused the
portable radio communication devices in calling for the necessary resuscitative
equipment.” However, the TTCA only waives the City’s governmental immunity for
the use of tangible personal property if that use caused the personal injury or
death.  See Tex.
Civ. Prac. & Rem. Code Ann. §
101.021(2); Miller, 51 S.W.3d at 588.  In essence, the Friends’ allegation
concerning the use or misuse of the radio equipment is a recasting of their
allegation concerning the nonuse of the AEDs, and any connection between the
use or misuse of the radio equipment as alleged in the Friends’ pleading is too
attenuated from Sarah’s collapse and eventual death from a heart condition to
be said to have caused them.  See Miller, 51 S.W.3d at 588; Dallas Cnty. MHMR v. Bossley, 968 S.W.2d 339,
342–43 (Tex. 1998).  We
therefore hold that the Friends have not alleged sufficient facts to establish
a waiver of immunity based on the use or misuse of the radio equipment.

          3. 
Lack of an Integral Safety Component

The City also contends that the Friends
have not alleged sufficient facts to establish a waiver of immunity relating to
a use of tangible personal property that lacked an integral safety
component.  We disagree.

Waiver based upon lack of an integral
safety component is limited to very narrow circumstances.  Tex. A&M Univ. v. Bishop, 156 S.W.3d
580, 585 (Tex. 2005); Tex. State Technical Coll. v. Beavers, 218 S.W.3d 258, 261 (Tex. App.―Texarkana
2007, no pet.).  A
governmental unit does not waive immunity merely when the governmental unit
could have provided property that is better, safer, or with a more effective
safety feature; the property used must lack an integral safety component that
led to the plaintiff’s injuries.  See Bishop, 156 S.W.3d at 581 (holding
claim by drama student acting in play that knife furnished by faculty advisors
was unsafe without a stab pad was merely claim that stab pad would have made
knife safer, not that an integral safety component was lacking for purposes of
governmental waiver).  The plaintiff must
allege that the integral safety component is entirely lacking and not merely inadequate.  Id.
at 584; Beavers, 218 S.W.3d at 264; Thurman v. Harris Cnty., No. 01-07-00235-CV, 2009 WL 1635430, at
*6 (Tex. App.―Houston [1st Dist.] 2009, pet. denied) (mem.
op.) (reversing dismissal and remanding to allow
plaintiffs to clarify by amended pleadings whether ferry completely lacked
safety barrier as integral safety component); see also Robinson v. Cent.
Tex. MHMR Ctr., 780 S.W.2d 169, 171 (Tex. 1989) (holding failure to furnish
life preserver as part of swimming equipment furnished to epileptic patient
constituted use of property lacking integral safety component); Lowe v. Tex. Tech Univ., 540 S.W.2d 297,
300 (Tex. 1976) (holding absence of knee brace with uniform constituted use of
property lacking integral safety component); Overton Mem’l Hosp. v. McGuire, 518
S.W.2d 528, 529 (Tex. 1975) (holding bed rails were integral safety component
lacking for hospital bed used for patient); Univ.
of N. Tex. v. Harvey, 124 S.W.3d 216, 223–24 (Tex. App.—Fort Worth 2003,
pet. denied) (holding barrels of ice furnished
without necessary scoop to prevent contamination constituted “condition” of
tangible personal property lacking integral safety component sufficient to
waive immunity).

The Friends allege that the City was negligent
in the “misuse or use of tangible personal property that lacked an integral
safety component” because “the necessary resuscitative equipment and devices
contained an oxygen cylinder, mask, and other airway equipment, but lacked an
integral safety component consisting of an AED device.”  This allegation includes sufficient facts to
establish that the equipment that was furnished entirely lacked an integral
safety device, and it therefore sufficiently established use or misuse of
tangible personal property by the City pursuant to TTCA section
101.021(2).  However, this does not end
the inquiry as to waiver of the City’s immunity because we must also determine
whether an exception to the waiver of immunity applies.

D. 
Emergency Response

The
City argues that its immunity has not been waived by the TTCA because an
exception to the waiver applies and the Friends have not pleaded sufficient
facts to avoid application of the exception. 
In that regard, the limited waivers of immunity found in section 101.021
of the TTCA do not apply in cases arising from certain emergency situations
absent conscious indifference or reckless disregard for the safety of
others.  See Tex. Civ. Prac. &
Rem. Code Ann. § 101.055 (Vernon 2005). 
Section 101.055(2)
of the TTCA provides:

This
chapter does not apply to a claim arising:

. . . . 

 

(2) from the action of an employee while
responding to an emergency call or an emergency situation if the action is in
compliance with the laws and ordinances applicable to emergency action, or in
the absence of such a law or ordinance, if the action is not taken with
conscious indifference or reckless disregard for the safety of others.

 

Id. §
101.055(2).  When an exception applies,
the TTCA is unavailable as a waiver of immunity even if the facts otherwise
fall within a waiver found in section
101.021.  See City of San Antonio v. Hartman, 201 S.W.3d 667, 671–72 (Tex. 2006).  The supreme court has interpreted the term “emergency” under
this section very broadly.  Id. at 673 (holding that placing flood
barricades on a road six hours after flooding began remained an “emergency
situation” as a matter of law).  The Friends’
pleadings allege claims for Sarah’s wrongful death arising from conduct of City
employees in responding to an emergency situation.

The Friends have
not alleged any ordinance or law that might have governed the City employees’
actions in this case.  See id. at 673 (noting that plaintiffs failed
to assert any applicable law or ordinance). 
They were therefore required to allege sufficient facts of “conscious
indifference” or “reckless disregard” for the safety of others under section
101.055(2) in order to establish waiver of immunity in an emergency
situation.  Id. at 672 & n.19; see
Tex.
Civ. Prac. & Rem. Code Ann. §
101.055(2).  The City argues that the Friends have failed
to make any allegation suggesting that the City employees’ actions in this case
amounted to “conscious indifference” or “reckless disregard for the safety of
others.”  See Tex. Civ. Prac. & Rem. Code Ann. § 101.055(2).  These terms mean
that the “party knew the relevant facts but did not care about the result,” Hartman,
201 S.W.3d at 672 & n.19, which equates to the state of mind required for gross
negligence as defined by the legislature.[5]

The Friends
generically allege the City’s conduct “amounted to gross neglect and/or gross
negligence,” but their pleadings include much more.  The
Friends’ petition alleges (1) that the City’s “NRH20
Water Park was equipped with at least two (2) automated external defibrillators”;
(2) that NRH20 “employed several individuals who were
responsible for providing first aid, resuscitative treatment and/or other
health care intervention to and for individuals, including Sarah Friend, in
need of cardiorespiratory assessment, care and
resuscitation and therapy”; and (3) that NRH20 “authorized or permitted” an
emergency medical technician, “to be trained in resuscitative treatment.”  The pleading also alleges that despite the
knowledge, training, and presence of the AEDs on the premises, (1) the AEDs
“were utilized improperly during the resuscitative efforts and other proper,
safe, and effective resuscitative attempts were either performed incorrectly or
not at all by various employees” of NRH20, including the emergency medical
technician; (2) “Sarah Friend did not receive external defibrillation (which was a necessary and appropriate part
of the assessment, care and treatment for her cardiac condition(s)) until after the arrival of the North Richland Hills Fire
Department personnel, approximately 21 minutes after her collapse”; (3) “Sarah
Friend experienced profound hypoxia and/or anoxia
during this time period”; and (4) she was transported
to the emergency department of a hospital where she was defibrillated several
times but was unable to maintain a regular heartbeat as a result of the hypoxia
and/or anoxia and was pronounced dead a few hours later.

          Liberally
construing the Friends’ allegations as we are required to do, we hold that the
Friends’ assertions of gross negligence are not mere conclusory
allegations.  The pleading allegations
establish that the City was aware of the necessity of using an AED to
resuscitate an individual experiencing a cardiac episode, that the City had
AEDs available at NRH20, that the City had trained its employees on the use of
the AEDs, but that the City employees did not use an AED to resuscitate
Sarah.  These factual assertions are
sufficient to allege that the City knew the relevant facts but did not care about the result, even in responding to an emergency
call.  Thus, we hold that the Friends
have alleged sufficient facts to establish the nonapplicability
of civil practice and remedies code section 101.055(2).[6]

E.  Exemplary Damages

          The
City also argues that the trial court erred by denying its plea to the
jurisdiction to the extent that the Friends seek exemplary damages.  Because the Friends do not allege that the City’s
conduct in this case involved a proprietary function, we agree.  The TTCA specifically prohibits the recovery
of exemplary damages for governmental functions.  See
Tex. Civ. Prac. & Rem. Code Ann. § 101.024
(Vernon 2008) (“This chapter does not authorize exemplary damages.”); see also Durbin v. City of Winnsboro,
135 S.W.3d 317, 325 (Tex. App.—Texarkana 2004, pet. denied) (recognizing that
the TTCA does not authorize exemplary damages for a governmental unit’s
governmental functions and that exemplary damages are available in suits
involving proprietary functions of a governmental unit).

V.  Conclusion

Because the Friends’ fifth amended petition, construed liberally
in the Friends’ favor, alleges a waiver of governmental immunity for injuries
arising from use or misuse of tangible personal property based on the lack of
an integral safety component and gross negligence by employees acting in
response to an emergency situation, we affirm the trial court’s denial of the City’s
plea to the jurisdiction as to that claim. 
As to all other allegations of liability and entitlement to exemplary
damages in the Friends’ fifth amended petition, we reverse the trial court’s
denial of the City’s plea to the jurisdiction and dismiss those allegations for
lack of subject matter jurisdiction.

 

 

 

ANNE GARDNER
JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
DAUPHINOT and GARDNER, JJ.

 

DAUPHINOT,
J. filed a dissenting opinion.

 

DELIVERED:  February 24, 2011

 

 










 

 

 

 

COURT OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT
WORTH

 

NO. 2-09-166-CV

 

 


 
 
 CITY OF NORTH
 RICHLAND HILLS
 
 
                                            APPELLANT
 
 


 

V.

 


 
 
 LAURA FRIEND, INDIVIDUALLY 
 AND
 AS PERSONAL REPRESENTATIVE OF THE 
 ESTATE
 OF SARAH ELIZABETH FRIEND, DECEASED, AND 
 LUTHER
 FRIEND, INDIVIDUALLY
 
 
                                            APPELLEES
 
 


 

 

------------

 

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

 

------------

 

DISSENTING OPINION

 

------------

I
agree with the majority’s analysis of whether the Friends sufficiently alleged
a waiver of immunity, but I dissent because I do not believe that such analysis
is necessary.  We cannot determine from
the pleadings whether the operation of the water park is a governmental or
proprietary function.  If the water park
is a proprietary function, NRH does not have immunity, and no analysis of
whether immunity has been waived is necessary. 
Accordingly, I respectfully dissent.

 

 

LEE ANN DAUPHINOT

                                                                             JUSTICE

 

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

 

DELIVERED:  February 24, 2011

 











[1]Hypertrophic cardiomyopathy
is a disease in which the heart muscle becomes abnormally thick; it can cause
abnormal heart rhythms that can, in rare instances, lead to sudden cardiac
death.  See Mayo Clinic,
“Hypertrophic cardiomyopathy,”  http://www.mayoclinic.com/health/hypertrophic-cardiomyopathy/DS00948
(last visited February 23, 2011).





[2]See Tex. Civ. Prac. & Rem.
Code Ann. § 75.002 (Vernon Supp. 2010).





[3]See
id. § 101.106 (Vernon 2005).





[4]Because we hold that the Friends’ pleadings do
not sufficiently allege the existence of a premises defect, we need not address
the City’s argument that the Friends’ premises defect claims are barred by the
Recreational Use Statute.  See Tex. Civ. Prac.
& Rem. Code Ann. § 75.002.





[5]As
defined by the legislature, gross negligence is an act or omission involving an extreme degree
of risk considering the probability and magnitude of the potential harm to
others when viewed objectively from the standpoint of the actor at the time of
its occurrence and of which the actor has actual, subjective awareness of the
risk involved but nevertheless proceeds with conscious indifference to the
rights, safety, or welfare of others.  Tex. Civ. Prac. & Rem. Code
Ann. § 41.001 (Vernon 2008); see Stephen
F. Austin State Univ. v. Flynn,
228 S.W.3d 653, 660 (Tex. 2007).





[6]It is important to note that the City did not
present evidence with its two pleas to the jurisdiction.  Our inquiry is therefore limited under the
appropriate standard of review to whether the pleadings allege sufficient facts
to support the assertion that the City employees acted with “conscious indifference” or
“reckless disregard” for the safety of others. 
See Miranda, 133 S.W.3d at
226; see also City of Dallas v. Porter,
No. 05-02-00364-CV, 2002 WL 1773008, at *4 (Tex. App.—Dallas Aug. 2, 2002, no
pet.) (mem. op.) (holding
that for plea to the jurisdiction that did not present evidence of
jurisdictional facts, pleadings alleged sufficient facts of reckless conduct
and stating that “[a]lthough the City’s entitlement
to immunity pursuant to section 101.055 might be established after the case is
further developed, [the plaintiff] is not required to prove her case in order
to defeat the plea to the jurisdiction”). 
We express no opinion as to whether the Friends may ultimately carry
their burden of proof as to the conscious indifference or reckless disregard of
the City’s employees once the case is further developed.  The matter is not before us given the
procedural posture of this appeal.